Wilde, J.,
delivered the opinion of the Court.—The question raised in this case depends on the application of the statute of limitations, it having been agreed by the parties that if, in the opinion of the Court, the action is not barred by the statute, the defendants should be defaulted, and that judgment should be rendered for the amount of the plaintiff’s demand. This may perhaps be considered as an admission on the part of the defendants, that the plaintiff had .originally a good cause of action. Whether this admission is sufficient to authorize the Court to enter judgment in favor of the plaintiff, supposing his claim is not barred by the statute of limitations, may be justly doubted; unless a sufficient cause of action is disclosed, to authorize such a judgment. For if the plaintiff’s title be defective, the opinion of the Court on a collateral point must be considered as extrajudicial, and of no avail.
| *68] *We have not, however, bestowed much attention upon this point; because, on considering the principal question, we are of opinion that, whatever right of action the plaintiff might originally have, it is now barred by the statute of limitations. And this, I think, will appear equally plain, whatever may be the light in which the plaintiff’s claim is viewed.
And", first, supposing the action to be founded on the equity of the act incorporating the Berkshire bank; and this is the most obvious ground for the plaintiff, and such as will best support the declaration. And if it can be supported at all, it must be on the ground that the bank having ceased to exist as a corporation, an action will now lie directly against the defendants, without first proceeding to judgment against the corporation, as required by the charter; and if so, then the present action accrued so early as the year 1809, when the bank became insolvent, and such insolvency became pub *59 icly known and acknowledged. Since which time the defendants have done nothing, whereby they could have charged themselves. And if the defendants can protect themselves by any lapse of time under the statute of limitations, it is certainly a sufficient defence in this case.
But it is said that the statute of limitations is not applicable to demands on bank notes; and perhaps there can be no great doubt that such is the law, where the action is brought against the corporation ; because the circulation of such notes is daily renewed; and because lapse of time is no presumption of payment, these notes never being paid, unless given up by the holder at the time of payment But where the action is brought against the directors, and is founded on their supposed malfeasance or negligence, there can be no distinction that we can perceive in the application of the statute of limitations, between such a case and any other special action on the case.
It has been argued, that the defendants’ proceedings are commonly recorded in the books of the bank, and * there- [ * ©9 ] fore their conduct may be explained by the books ; so that the defendants would not be affected by the death of witnesses, or the treachery of their memories. But it must be remembered that the books of the bank are not records, and that they may be contradicted by oral testimony ; and therefore, if the directors could not protect themselves under the statute of limitations, they might be called to account for their conduct at any time during their lives, and after such a lapse of time as might put it out of their power to explain their proceedings, although originally they might have a good ground of defence. This certainly would not be reasonable, and it is directly in opposition to the letter and spirit of the statute of limitations.
Again, it has been argued by the counsel for the plaintiff, that the liability of the defendants must be considered as co-extensive with the liability of the corporation. But this is not so ; for their respective liabilities stand on different grounds ; the one being bound to pay the notes issued and put in circulation absolutely, and without any collateral proof; and the others being under no obligation whatever, unless they had transcended the limits of their powers as directors.
But it has been further argued that the defendants, having misbehaved in managing the affairs of the bank, cannot set up the act of incorporation in their defence, but must be treated as a private association, and are therefore liable to the payment of their notes absolutely ; and so that the statute of limitations is not applicable for the reasons before given. We are, however, very clear that the plaintiff cannot take this ground, whatever may be its solidity; for it is in direct opposition to the declaration, which alleges expressly that the *60 defendants, with others, were incorporated, &c. The plaintiff is therefore estopped to allege that the defendants had no charter. In this action the defendants must be treated as the officers of a banking institution, duly incorporated, and can only be liable' [ *70 ] according to the laws applicable to them in * this capacity. It might, however, be doubted whether they would be liable in this case, were they the officers of a private banking company ; for the action in such case ought to be brought against the whole company; unless brought against the officers, on the ground that they had issued the bills without the authority of the company ; in which latter case, the defendants might most clearly avail themselves of the statute of limitations.
Upon the whole, therefore, there seems no doubt that the stature is in this case a sufficient bar ; and we exceedingly doubt whether the action can be supported on any ground. For it is a well-settled principle, that where a new right is given, or a new duty imposed, by statute, and a remedy is provided to enforce such duty, or for the violation of such right, that remedy must be pursued. Now, there is no pretence for saying, that this action can be maintained by the principles of the common law, independent of the provisions of the statute. If all the allegations contained in the declaration were admitted, they are clearly insufficient for this purpose. At most, the) only show an unfaithful management of the funds of the bank, which might lay the foundation of an action by their associates; but not by the holders of their bills, whose temedy in such case would be on their securities.
We do not, however, make this a point in the cause, since we have no doubt that, whatever may have been the plaintiff’s right, it is effectually barred by the statute of limitations. According to the agreement of the parties, the plaintiff must be called.

Plaintiff nonsuit.