Curia, per
Johnson, J.
There is nothing in the conclusion which the jury have drawn from the facts, so much at war with probability and common sense, as to authorize the court to award a new trial on that ground. The question, whether, when a note is payable on demand, the statute of limitations begins to run from the date of the note, or from the time of the demand, is one of some importance, and not without its difficulty. The statute, P. *185 L. 102, provides that the action of assumpsit shall be brought “ within four years next after the cause of such action or suit, and not after and the question must be resolved by the inquiry, when did the cause of action arise? On general principles, I take it to be very clear that where the entire consideration of a promise to pay money is past, and there is no time limited for the payment, and nothing left for the promisee to do or perform, the debt is due in the instant on demand, and if not paid, an action lies presently. Thus if A. promise, in consideration that B. will deliver him a horse, he will pay B. so much, and B. deliver him the horse, he is bound to pay upon request, and if he does not, an action lies immediately; nor need B. make request, for A. knows that the debt is due, and that he is bound to pay, and he is in default if he fail to pay. This is not controverted, but it is said that a promise to pay on demand imposes an obligation or duty on the promisee to make the demand, and hence it is concluded that no action lies until demand made, and consequently, the statute will not begin to run until demand made. That is the case of every debt where no time is fixed for the payment. The debtor ought to pay without request, and is bound to do it upon request. It is an obligation implied by law, without any express stipulation to that effect, as was said in Collins vs. Denning, 3 Salk. 227. The plaintiff there declared on a promise to pay on demand, and that he had demanded it on a certain day, but defendant refused to pay. Defendant pleaded non assumpsit infra sex annos, and upon demurrer to the plea, it was insisted that it was ill, for it should have been actio non accrevit infra sex annos, because the duty arose from the demand, and not from the promise. But this objection was not allowed, for payment upon demand is no more than what is implied.by law. So in Reynolds vs. Davies, 1 Bos. & Pul. 625, in an action by the indorsee against the maker of a promissory note, it was held that it was not necessary in the declaration to allege or to prove notice of the indorsement to the maker ; and C. J. Eyre said “ the promise to pay is to the payee or his order; immediately then on the or *186 der being made to the indorsee, the promise attaches, nor can we add the qualification of notice to a promise which -was not originally qualified with that circumstance.” Nor is it necessary in a declaration on a note payable on a day certain, to lay any request at all, for that is implied from the precedent debt, and the bringing of the action. The action itself is a request in law. In Harrison vs. Cammer, 2 McG. 246, it was held that an action brought on the day of the date of a note payable on demand, was well brought, although no demand was made ; the bringing of the action was itself a sufficient demand. In Chit, on Bills, 537, and Ang. on Lim. 182, the rule that the statute begins to ran on a promissory note payable on demand, from the date, and not from the demand, is expressly recognized ; and the point was expressly ruled by the Constitutional court in Woodward vs. Drennan, in 1811, (1 vol. MSS. 430) cited in Harrison vs. Cammer, under the title of Woodward vs. Dunner — and I have looked in vain through our own and the English cases for any direct authority to the contrary. The converse is attempted, however, to be sustained by analogy drawn from the cases in which it has been held that a note payable on demand will not bear interest until demand made, and the cases of Cannon vs. Beggs, 1 McC. 370, and Schmidt vs. Limehouse., 2 Bail. 276, are full upon this point; and certainly there is some force in it. According to general principles, a liquidated debt bears interest from the time it is due, as an account stated, and the statute begins to run from that time, because there is a cause of action. But on looking into the doctrine in reference to this case, I am very much disposed to think, that although there is some diversity, the better opinion is, that they bear interest from the date ; and although I may be disposed to follow these cases as a precedent to which the community can accommodate themselves, it is a sufficient reason for not following up the principle in relation to the statute. It was apprehended, and I fell into that notion upon the first view of the case, that bank notes would be affected by the statute if it began to run from the date. But in some instances, the notes are *187 made payable at the Bank, and in those cases their pro-sentation there is necessary to entitle the holder to sue. Sanderson vs. Bowes, 14 East. 500. There is still a better reason ; it is the universal usage of the banks to issue and re-issue their notes as often as they may have occasion, and every re-publication is a re-assumption of payment; and it is impossible that the holder can know from the date when it was last issued. 16 Mass. R. 65. It is therefore ordered that a new trial be granted, unless the plaintiff enter a remittitur for the amount of the note for $302 12.
Harper, J. concurred.