Johnson, J.
The demurrer presented to the court below two points.
1. Did the petition contain a cause of action in favor of the commissioners of the county against the demurrants ?
2. Had said commissioners the legal capacity to bring the action ?
In the view we take of the case, it becomes unnecessary to determine the second point.
In considering the first, it is very important to ascertain the precise nature.of this alleged cause of action, and see upon what foundation it rests.
In substance, it is averred that Wall was treasurer ofi Hancock county from September, 1867, until Augusf, 1870; that during that time he collected taxes, etc., about the sum of $150,000 anuually, and paid the same into the treasury to be paid out according to law; and that, in August, 1870, he became a defaulter in the sum of $28,-869.24, and absconded to parts unknown.
It is further averred that these defendants unlawfully confederated with him, while he was such treasurer to abstract from the treasury the public moneys for their own use, and did advise, aid, and procure him to loan them, at sundry times during his term, several specified sums of money, amounting in the aggregate to over $54,000, they knowing it to be public moneys, he to receive the interest accruing on such loans.
*198 It is further alleged that subsequent to these illegal loans, the treasurer became a defaulter as above stated, and that of the moneys so borrowed, the plaintiffs are not advised and cau not state how much these defendants repaid to the treasurer, but they charge that whatever be the amount so repaid to him, the amount of his defalcation, to wit: $28,869.24 was never by him returned to or paid into the treasury.
The petition is founded on section 15 of “ an act to establish an independent treasury of the State of Ohio.” (2 S. & C. 1606.)
That act makes it a high crime and misdemeanor for a county treasurer or other officer or person charged with the safekeeping and disbursement of the public moneys to “convert the same to the use of himself or any other person or party, or to invest or loan the same;” or if any person shall advise, aid, or in any manner participate in such act, he, as well as the public officer, shall be held in law to be guilty of embezzlement of the moneys so loaned, invested, or converted; and, upon prosecution by indictment and conviction, they shall be imprisoned in the penitentiary at hard labor not less than one year nor more than twenty-one years, and be fined equal to double the amount of the ' money or property so embezzled, which fine shall operate as a judgment at law on all of the estate of the party so convicted and sentenced, and shall be enforced by execution or other process for the use only of the party or parties whose money or other property has been so embezzled.
It is further provided that in all cases such fine so operating as a judgment shall only be released or entered satisfied by the party in interest as aforesaid.
The illegal acts charged, consisted in advising and procuring the treasurer to loan to these defendants the public moneys.
Under this statute the transaction was a high crime in all who were farticeps criminis, to this loaning of the public money.
Erom the foregoing it will be seen that this is not an ac- ‘ *199 tion on this illegal contract of loaning, to recover the amount so loaned or any unpaid balance due on the contract.
Neither is it an action on an implied promise to pay, arising out of an existing indebtedness of the borrowers, for it is not alleged that they owe the county on this or any other account.
Nor is it an action founded on any wrongful and. unlawful acts of these defendants which caused or contributed to the defalcation.
It is not claimed that these defendants in any way aided, advised, or participated in the act of defalcation of the treasurer.
Eor aught that appears, they repaid to him the whole amount borrowed, and his embezzlement, which caused the defalcation, was his sole act, wholly unknown to defendants.
Whether the commissioners of the county could, in either of the foregoing cases, maintain an action, in their quasi corporate capacity, against these defendants, we do not find it necessary to consider or determine; but we are clearly of opinion that, in the case made in the-petition, no cause of action exists.
The gravamen of the charge is, that these defendants, having violated the statute, by advising, aiding, and participating in loaning to themselves these funds, are liable in a civil action for the amount of such loan, which the treasurer fails to replace in the county treasury, although they may have repaid to him the whole amount.
In the view'we have taken of these facts, and of the statute of which they are a violation, such an action is not maintainable.
It is clear that, at common law, no action would lie in favor of any one against defendants, unless it appeared they owed the county on such loan, or that they caused or contributed to the defalcation.
Without this scatut'e, therefore, no cause of action would exist.
*200 The statute alone, gives a right of action for the unlawful acts charged.
It provides a full, adequate and complete remedy by fine in double the amount embezzled, and by imprisonment in the penitentiary.
This fine operates as a judgment at law in favor of the party interested, and can not be released, except by the party whose funds have been embezzled.
The process of the court, appropriate for the collection of any judgment, may be employed to restore the iujured party to his lost rights.
As against persons who aid or advise a public officer in violating this statute, or who participate with him in the fruits of such offense, this is a new offense, which imposes a new liability both criminal and civil. The fine imposed is a judgment in favor of the injured party.
This judgment is in double the amount that could be recovered in a civil action, and obviates the necessity of such an action.
It combines the elements of a penalty for a crime and a civil remedy for the injury caused by it.
If a civil action could be maintained on the same transaction, it would either bar a criminal prosecution, or give the party injured treble damages. We think this prosecution, fine, and judgment, as against these defendants, are in lieu of a civil action.
It comes within the well-known rule that the. statutory action is exclusive. It can not be regarded as cumulative, as no pre-existing right of action existed. The statute creates a new liability, and gives a judgment in double damages. This, we think, is exclusive, and the remedy given by the statute must be pursued.
While, as to the public officer, who would be liable independent of the statute, this remedy may be, and probably is, cumulative, yet, as to these defendants, we thiulc it is exclusive.
In such case, the rule is, says Lord Mansfield, in Rex v. Robinson, 2 Burr. 803 : “ That where a statute creates a *201 new offense by prohibiting and making unlawful anything which was lawful before, and appoints a specific remedy against such new offense (not antecedently unlawful), by a particular sanction and a particular method of proceeding, that particular method of proceeding must be pursued and none other.”
The rule thus tersely stated, is part of the well-settled law of this state. Shepard v. Commissioners, 8 Ohio St. 354; The State ex rel. Gerke v. Board of Commissioners, 26 Ohio St. 369.
Nunierous authorities might be cited, but we content ourselves with only a few. Sedgwick on Stat. Law, 341-345; Smith’s Com. § 638, et seq.; Camden v. Allen, 2 Dutcher, 398; Victory v. Fitzpatrick, 8 Ind. 281; McCormick v. Terre Haute Railroad, 9 Ind. 283; Lang v. Scott, 1 Blackf. 405; Almy v. Harris, 5 John. 175; Bissel v. Larned, 16 Mass. 65; Livingstone v. Van Ingen, 9 John. 507; Andover v. Gould, 6 Mass. 41; 1 Wm. Saunders, 135, note 4, and 250, note 5.
In the case at bar, the statute makes that unlawful which was not so at common law, and appoints a specific remedy for the parties injured, as well as a punishment to the offender, and this remedy is exclusive.
Whatever may be the right of the commissioners to maintain a civil action to recover any public moneys in the hands of third parties, or for its conversion to their use, or for aiding and contributing to a defalcation of the treasurer (and of this we express no opinion), we think that for the offense alleged against these defendants, the only remedy is that prescribed in the statute, which alone makes their act unlawful, and which prescribes a specific remedy for such unlawful act.

Judgment affirmed.