# CENTER CREEK WATER AND IRRIGATION COMPANY, A CORPORATION, Respondent, v. JAMES LINDSAY, Appellant.

Pleading — Cross-Complaint — Reformation of Deed — Complaint — Mistake — As Ground for Reformation of Deed — Necessary Parties to Action — Water Rights — Adverse Possession — Essentials — Corporation — Officers — Fiduciary Relation — Stockholders' Interests.

*Pleading — Cross-Complaint.*

A cross-complaint should be so framed as to state clearly and concisely the facts constituting the cause of action in order that the relief prayed for, if granted, may be decreed in accordance therewith; if otherwise, it is demurrable.

*Reformation of Deed — Complaint.*

No reformation of a deed can be had where the complaint asking for such reformation is uncertain in description and amount of property claimed.

*Mistake — As Ground for Reformation of Deed — Necessary Parties to Action.*

In order to have a deed reformed upon the ground of mistake, the mistake must not only be mutual, but all the parties to the deed who are affected immediately or consequentially by the mistake should be parties to the action.

*Water Rights — Adverse Possession — Essentials.*

In order to acquire a right to water by adverse possession, the use must have been, for seven years, continuous, uninterrupted, hostile, notorious, and adverse; and to have been adverse, it must have been asserted under claim of title exclusive of any other right.[1]

*Corporation — Officers — Fiduciary Relation — Stockholders' Interests.*

The president and board of directors of a corporation are trus-

---

[1] *Smith v. North Canyon Water Co.*, 16 Utah, 194.

tees, and act in a fiduciary capacity for its stockholders, and while doing so are forbidden, in equity, to acquire any interest in the property hostile to the interests of the stockholders.

(Decided March 19, 1900.)

Appeal from the Fourth District Court, Wasatch County, Hon. W. N. Dusenbury, *Judge.*

Action to restrain the diversion of certain waters by defendant. From a judgment for plaintiff, defendant appealed. *Affirmed.*

*Messrs. King, Burton & King, William Buys, Esq.,* and *Grant C. Bagley, Esq.,* for appellant.

"The law is well settled that adverse use of water for seven years, no matter what right any other persons may have had prior thereto, is in law a grant, and the other parties are presumed to have abandoned their rights." 2 Com. Laws, Utah, 1888, Sec. 2780; Kinn. on Irr., Secs. 256, 294; *Davis* v. *Gale*, 32 Cal., 27; *Union Water Co.* v. *Crary*, 25 Cal., 507; *Cox* v. *C. Clough*, 70 Cal., 345; *Alta Land and Water Co.* v. *Hancock*, 85 Cal., 226; *Smith* v. *Logan*, 18 Nev., 154; *Hewit* v. *Story*, 64 Fed., 510; *New Mercer D. Co.* v. *Armstrong*, 40 Pac. (Colo.), 989; *Mining Co.* v. *Dangberg*, 81 Fed., 73.

"A court of equity will grant relief against mistakes; and when it is satisfactorily shown that the mistake has been made in such a manner that the true intent of the parties is not likely to be carried out, the mistake will be corrected. 15 Am. and Eng. Ency. of Law, 626.

"It is well settled that a mistake will be corrected in a deed when it is set up by way of defense, as well as where it is the subject of relief by a bill or complaint in equity." 15 Am. and Eng. Ency. of Law, 655; 2 Pom-

eroy Equity, Sec. 845; *Gillispie* v. *Moon*, 7 Am. Dec., 559; *Fuchs* v. *Treat, et al.*, 41 Wis., 404.

It is well settled that a grantor is entitled to have a mistake in a deed corrected without regard to whether the grantee knew at the time the deed was delivered, that it contained a greater estate than that bargained for. *Dulo* v. *Miller*, 20 So., 981; S. C., 112 Ala., 687.

A mutual mistake by a conveyancer in omitting one of two lots agreed to be sold will be corrected though not discovered for many years. *City of Toledo* v. *Schulters*, 11 O. Cir. R., 448; 3 Ohio Dec., 269.

*A. C. Hatch, Esq.*, and *Messrs. Thurman and Wedgwood*, for respondent.

The cross-complaint was in the nature of a cross-bill in equity, and should have stated every fact necessary to constitute a cause of action. 1 Beech on Modern Equity Practice, Secs. 443, 444.

To the point that the complaint must set out the agreement actually entered into as well as the agreement sought to be reformed. 1 Beech on Modern Equity Practice, Sec. 137; 14 Ency. P. and Practice, 43, and cases cited.

It is a fundamental principle of equity jurisprudence that a written instrument can not be reformed, unless the parties thereto are in *statu quo*. If it is a deed or grant, it can not be reformed so as to affect *bona fide* purchasers for value without notice of the mistake. 2 Pomeroy's Equity Jurisprudence, 350.

If appellant in this case is entitled to more water than is conveyed in the trust deed, and the same shall be awarded him, every stockholder will be affected thereby; every stockholder will be compelled to contribute his portion of that allowance, and will necessarily be injured to

that extent; every stockholder and person who signed the trust deed is therefore interested, and should have been made a party to the suit.  Revised Statutes of Utah, Sec. 2914; 14 Ency. of Plead. and Prac. 46 and cases cited; *Dod* v. *Paul*, 42 N. J. Eq., 154; *Daggett* v. *Ayers*, 65 N. H., 82; *Busby* v. *Littlefield*, 31 N. H., 193; *Hellman* v. *Schnider*, 75 Ill., 591; *Cookling* v. *Davis*, 53 How., 40; *Schakelford* v. *Bullock*, 34 Ala., 419; Hawes on Parties, Sec. 26 and cases cited.

It is a fundamental principle of the law of mistake that the party seeking relief must be free from negligence.  14 Ency. of Plead. and Prac., 39 and cases cited.

"The mere continued possession of the vendor of land (and the same with regard to water) after a conveyance is executed is not adverse to his vendee or one claiming under him."  *Conner* v. *Bell*, 152 Pa. St., 444; *Paldi* v. *Paldi*, 84 Mich., 346.

"The director of a corporation intrusted with powers which are to be exercised for the common and general interests of the corporation and not for his private interests occupies the relation of trustee to such corporation and its property.  He falls therefore within the great rule by which equity requires that confidence shall not be abused by the party in whom it is reposed and which it enforces by imposing a disability either partial or complete upon the party intrusted to deal in his own behalf in respect of any matter involving such confidence.  17 Am. and Eng. Ency. of Law, 1st ed., pp. 91–2–3.

See specially as to president's relation, Thompson on Corporations, Vol. 4, Sec. 4672.

"The officers and directors of a corporation are trustees for its stockholders, and are forbidden in equity to acquire any interest hostile to the interests of the stockholders."  *Cook* v. *Sherman*, 20 Fed. Rep., 167.

"He (the trustee) can not acquire any interest that is hostile to that of his beneficiary." *Shuey* v. *Latta*, 90 Ind., 136; *Robert* v. *Mosely*, 64 Mo., 507; *Toole* v. *McKiernan*, 48 N. Y. Superior Ct., 163; *Goodwin* v. *Cincinnati, etc., Canal Co.*, 18 O. St., 169; 98 Am. Dec., 95; *Cavagnaro* v. *Don*, 63 Cal., 227; *Stettinsche* v. *Lamb*, 18 Neb., 619; *Kellogg* v. *Wood*, 4 Paige (N. Y.), 578; *Cook* v. *Berlin Woolen Mills Co.*, 43 Wis., 433.

MINER, J.

The respondent corporation filed its complaint in this case May 7, 1898, and alleged, among other things, that its stockholders and their predecessors in interest and grantors, more than twenty years prior thereto, appropriated all the waters of Center Creek, and since then hitherto have continued, during the irrigating season of each year from May 1, to Oct. 15, to use all the waters of said stream adversely to the defendant, and to all the world; that at the time of said incorporation the defendant and other appropriators conveyed to the company by trust deed, all their right, title, and interest in and to the waters of said creek; that during the last three years defendant, who is a stockholder in said company, has diverted water from said creek to an amount in excess of what he is entitled to as a stockholder thereof, and prays for an injunction.

The defendant denied the several allegations of the complaint, and alleged in his amended answer and crosscomplaint, among other things, that nineteen years prior thereto he appropriated water from said stream for $13\frac{1}{8}$ acres of land and irrigated the same from April 1 to October 1, of each year, and that this was known as his primary appropriation which he conveyed to the defendant in 1897; that in Center Creek there is what is known

as high water season, beginning April 1, and ending June 15, and that during this time there is surplus water in the creek over and above the water therein known as the low water season, and that he appropriated of the surplus water nineteen years prior sufficient to irrigate $37\frac{2}{3}$ acres, in addition to the $13\frac{1}{3}$ acres; that he had used such surplus water adversely to the plaintiff and all others since such appropriation, and that the plaintiff had acquiesced in such use; that the defendant and several other parties, appropriators of the water of said stream, conveyed their respective rights in said creek to the plaintiff in 1887, and that he was informed by the plaintiff's agent at the time he signed the deed of conveyance that it would not include the high water; that the deed signed by the defendant and several other parties, some of whom are members of the plaintiff corporation, conveyed to defendant all and each of their respective right, title, interest, claim, and demand whatsoever, in law and in equity, of, in, and to all the rights to the use of said water of Center Creek, together with all and singular the rights, claims, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and that the defendant and the other persons who signed said deed did so relying on the statement of said agent that it did not cover their high water right in said creek; that the defendant continued to use said high water until 1898, by acquiescence of the plaintiff; that the deed was executed under a mutual mistake, and was only for the purpose of conveying defendant's right, and the right of the other appropriators who joined in said deed, some of whom are members of the plaintiff corporation, to the low water of said stream.

Many other allegations are made in the complaint and cross-complaint, which we do not deem it necessary to mention.

The defendant also relies upon the statute of limitations and the adverse use of the water.

At the time of the trial the plaintiff moved to strike out paragraphs 3, 4, 12, and 13 of the amended answer, for the reason that the matter contained in the same was sham, irrelevant, immaterial, and redundant. This motion was granted.

Upon a full examination of the cross-complaint we are of the opinion that this motion was properly granted.

The recitals in these several paragraphs have no place in the answer, and contain no element of proper pleading.

The plaintiff also filed a demurrer to the amended cross-complaint based upon several grounds.

We are of the opinion that the demurrer was properly sustained.

The cross-complaint should have been so framed as to state clearly and concisely the facts constituting the cause of action in order that the relief prayed for, if granted, might have been decreed in accordance therewith.

It does not sufficiently appear from the cross-complaint what is meant by high water, surplus water, or low water, nor does it sufficiently appear how much water the defendant was entitled to during the high water; nor can it be sufficiently ascertained from the allegations therein how many inches of water the defendant appropriated or claimed over and above the point when the stream was at low water. The agreement attempted to be set up between the original owners as a reservation of high water is too vague and uncertain upon which to base a reformation of the written instrument. *Smith* v. *Phillips*, 6 Utah, 376; *Nephi Irr. Co.* v. *Vickers*, 15 Utah, 374.

The description of the water in the complaint if contained in a deed would render it inoperative. Courts can not be expected to undertake the reformation of a deed

when it appears on the face of the complaint that no reformation can be made because of the uncertainty in the description and amount of property claimed. To reform the deed in question, as prayed, would take from appellants joint grantors, who are not parties here, some of whom are alleged to be members of the plaintiff company, a portion of their right in the waters of the creek and bestow such waters upon the appellant. All the several grantors signed the deed to the company at the same time, but it does not appear that all of the grantors signed it under a mutual mistake, such as the appellant contends for. The respondent is simply a trustee for the stockholders, and not the owner of the water. Under such a state of facts the mistake in the deed would not be mutual, and therefore no equitable relief could be granted. In order to grant relief the mistake must not only be mutual, but all the parties to the deed who are affected immediately or consequentially by the mistake should be made parties, as they are entitled to be heard upon any matter that might affect their rights under the decree. *Adams* v. *Stevens*, 49 Me., 363; *Daggett* v. *Ayers*, 65 N. H., 82; *Busby* v. *Littlefield*, 31 N. H., 193; *Moore* v. *Munn*, 69 Ill., 591; 14 Ency. of Plead. and Prac., 46; *Cady* v. *Potter*, 55 Barb., 463.

It is also held that where the trustee holds the naked title, without any beneficial interest therein, the *cestui que trustent* is the proper party to apply to the court for correction of the deed to the trustee. *Stone* v. *Hale*, 17 Ala., 557; *Moore* v. *Munn*, 69 Ill., 591.

In our opinion, the cross-complaint did not state facts sufficient to constitute a cause of action, and was subject to the objections pointed out in the demurrer.

Appellant also interposes the statute of limitations and adverse possession as a defense.

Appellant claimed in his answer that he appropriated the surplus or high water in the creek over 19 years ago, and since that time continued to use it, without objection or hindrance, on the part of the respondent, to irrigate 50 acres of land, until this complaint was filed May 9, 1898. It does not appear from the answer that any appropriation had been made of this water by the appellant since the deed was made by appellant and others to the company on May 17, 1887. This deed conveyed all the water to the respondent. The use of the water by appellant from the date of that deed is deemed to have been in subordination to the legal title, unless it appears the possession and use was adverse to such title for a period of seven years. Rev. Stat., 1898, Sec. 2861; Subd. 2, Sec. 2780, C. L. U. 1888.

The right of the defendant in the water would become fixed only after seven years' continuous, uninterrupted, hostile, notorious adverse enjoyment; and to have been adverse, it must have been asserted under the claim of title, with the knowledge and acquiescence of the person having the prior right, and must have been uninterrupted. It must have been accompanied by all the elements required to make out such adverse possession; the possession must have been actual occupation and use, open, notorious, hostile, and under a claim of title exclusive of any other right, continuous, and uninterrupted for a period of seven years. The use must also have been open as of right, and also peaceable; for, if there is any act done by the owner as an interruption, however slight, it prevents the acquisition of the right by such use. *Smith* v. *North Canyon Water Co.*, 16 Utah, 194.

To substantiate his case the appellant states that he had used the water upon his land for 19 years; that he did not consider that he was taking anybody's water, never

told anybody that he was using their water; that he never set up any claim of that kind; that he turned on and used the water himself.

It also appears from his testimony that he was a stockholder in the company, and that from March, 1893, to March, 1897, he was president of the company; that during those four years the board of directors controlled the water during the irrigating season, with himself at their head.   It also appears that the company distributed the water each year as early as April and May by means of tickets issued by the company to each stockholder, including the appellant.   These tickets indicated the time and amount of water each stockholder was entitled to receive. This practice of distributing tickets existed when the appellant was president of the company.

It thus appears that less than six years after the conveyance of all the water to the company the appellant was acting as its president for a period of four years from and after March, 1893.   During these four years he was acting as an officer and head of the corporation in the management, manipulation, and distribution of the water of that creek, and during such time he could not be permitted to acquire any right to any part of the property belonging to the company by adverse user, or under the statute of limitations hostile to the rights or interest of the company.

Appellant also claims that he had the continuous adverse use of the water both before and after the conveyance by him to the company.   In order for such use and possession to avail the appellant there must have been a change of possession after the conveyance to the company, and an adverse use thereafter should be manifested by some act of hostility on the part of the appellant to the title of the vendee as heretofore stated.   1st Am. and Eng. Enc. of Law, (2d ed.), 818; *Conner* v. *Bell*, 152

Pa. St., 444; *Paldi* v. *Paldi*, 84 Mich., 346; *Whitlock* v. *Johnson*, 87 Va., 323.

The president and board of directors of a corporation are trustees, and act in a fiduciary capacity for its stockholders, and while doing so are forbidden, in equity, to acquire any interest in the property hostile to the interests of the stockholders. *Cook* v. *Sherman*, 20 Fed. Rep., 167; 17 Am. & Eng. Enc. of Law, 1st ed., 91–93; *Huntly* v. *Huntly*, 8 Iredell Eq. (N. C.), 250; 2 Pom. Eq. Jur., Secs. 1052, 1067, 1075; 4 Thompson on Corp., Sec. 4672.

The appellant was occupying such a fiduciary relation to the company during the four years named that he could not acquire any interest in the water adverse to that claimed by the respondent, as shown by the deed. Excluding this period he did not have the continued adverse use and possession of the water for the period of seven years, as required by the statute.

Many other errors are assigned in the record, but they become unimportant under the view we have taken.

We find no reversible error in the record. The judgment of the district court is affirmed, with costs.

BARTCH, C. J., and BASKIN, J., concur.