# ELIZA ENGLISH, Appellant, v. JOSEPH H. OPENSHAW, Respondent.

### No. 1563.    (78 Pac. 476.)

1. **Quiet Title, Action to:  Adverse Possession:  Deed:  Evidence.**
   Where a warranty deed in favor of defendant was regular on its face, it was admissible in an action to quiet title without evidence being first introduced showing possession thereunder.

2. **Same:  Evidence Examined:  Sufficiency.**
   Evidence reviewed, and *held* insufficient to establish that plaintiff's possession of certain land in controversy was adverse to defendant.

3. **Same:  Burden of Proof.**
   Under Revised Statutes, section 2861, providing that in every action for the recovery of real property or the possession thereof the person establishing a legal title shall be presumed to have been possessed thereof within the time required by law, etc., the burden is on one claiming title by adverse possession to prove the same, and not on the defendant to establish that he was in possession under his legal title for the statutory period.[1]

4. **Same:  Evidence:  Letter:  Admissibility.**
   Where in an action to quiet title, plaintiff claimed title by adverse possession, a letter written to defendant, in which plaintiff recognized his interest in the land, was admissible.

(Decided November 11, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. W. C. Hall*, Judge.

---

[1] Funk v. Anderson, 22 Utah 238, 61 Pac. 1006; Center Creek Irrigation Co. v. Lindsay, 21 Utah 192, 60 Pac. 559; Smith v. North Canyon Water Co., 16 Utah 194, 52 Pac. 283.

28 Utah—16

Action to quiet title to certain real estate in Salt Lake City. From a judgment in favor of the defendant, plaintiff appealed.

AFFIRMED.

*Frank H. Clark, Esq.,* for appellant.

*Ben Johnson, Esq., S. H. Lewis, Esq.,* and *Messrs. Sutherland, Van Cott & Allison* for respondent.

The deed dated September 26, 1882, was properly admitted in evidence.

On the trial the defendant offered in evidence the warranty deed dated September 26, 1882, running from Andrew English to George W. English, Jesse R. English and the defendant, Joseph H. Openshaw, and conveying to them all of the property described in the complaint.

To say that a deed is not admissible in evidence without first showing possession under it is absurd; and in the case at bar possession by the defendant was conclusively shown after the deed was introduced.

"In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property shall be presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person shall be deemed to have been under and in subordination to the legal title, unless it appears that the property has been held and possessed *adversely* to such legal title for seven years before the commencement of the action."

This principle of law has also been enunciated in the following cases from this court: Center Creek, etc., Co. v. Lindsay, 21 Utah 200; Funk v. Anderson, 22 Utah 238.

The same rule prevails in other States. Schwallback v. Railway Co., 69 Wis. 292, 2 Am. St. Rep. 740;

English v. Openshaw.

McNeil v. Jordan, 28 Kan. 7; Dawson v. Bank, 15 Mich. 489; Jeffery v. Hursh, 45 Mich. 59.

In cases where a grantor continues in occupation of land, after its conveyance by him, as in the case at bar, the presumption is that such possession is for a temporary purpose, without claim of right, and merely as a tenant at sufferance of the grantee. Dawson v. Bank, 15 Mich. 489; Paldi v. Paldi, 8 Mich. 346; McNeil v. Jordan, 28 Kan. 7.

The possession of the tenant is the possession of the landlord. His possession is entirely consistent with the title of his landlord and cannot therefore be adverse to him. Vohn Glohn v. Brennan, 81 Cal. 261; Catlin v. Decker, 38 Conn. 262; Old South Soc. v. Wainwright, 156 Mass. 115; Butler v. Bertrand, 97 Mich. 59; Whiting v. Edmonds, 94 N. Y. 309.

There is ample evidence in the record to sustain the findings of the trial judge without considering these two answers of the witness. Where such is the case in an action in equity tried to the court alone, the judgment will not be reversed for the erroneous admission of evidence. Salt Lake, etc., Co. v. Mining Co., 6 Utah 351; Mining Co. v. Haws, 7 Utah 515; Schettler v. Lynch, 23 Utah 305; Sawyer v. Campbell, 130 Ill. 186; Hauxhurst v. Ritch, 119 N. Y. 621; Hooker v. Brandon, 75 Wis. 8; Dorsheimer v. Glen, 51 Fed. Rep. 404; Insurance Co. v. Friedenthal (Colo.), 27 Pac. Rep. 88.

The entry and possession of one tenant in common is deemed to be the entry and possession of all the cotenants. Such possession therefore can never be adverse until there is an actual ouster of the cotenants, or some act deemed by law equivalent thereto. Silver Mg. Co. v. Taylor, 100 U. S. 37; Watson v. Sutro, 86 Cal. 500; Catlin v. Decker, 38 Conn. 262; Busch v. Huston, 75 Ill. 344; Squires v. Clark, 17 Kan. 84; Bellis v. Bellis, 122 Mass. 414; Campan v. Campan, 44 Mich. 31.

STATEMENT OF FACTS.

This action was brought against the defendant to quiet plaintiff's title to certain real estate situate in Salt Lake City. The complaint alleged ownership and possession for many years in the plaintiff, and adverse claim without right in the defendant. The defendant answered, denying plaintiff's possession, except as a cotenant with himself, and alleged affirmatively, by way of counterclaim, that he was the owner in fee of an undivided one-third interest in the property by virture of a deed from Andrew English, and demanded judgment accordingly. By way of reply plaintiff denied the tenancy in common and the execution and delivery of the deed from Andrew English to the defendant, and further alleged that, if such deed was ever executed, it was intended as a mortgage to secure money advanced by the defendant to the two sons of Andrew English, who were also grantees in the deed. The plaintiff also pleaded the statute of limitations. From the evidence it appears that the plaintiff is a daughter of Andrew and Nancy English, husband and wife; that the defendant was married to plaintiff's sister, who died before this litigation was commenced; that the defendant and George W. and Jesse R. English, two brothers of the plaintiff, in 1881 concluded to advance some money to buy a home for their father and mother, and thereafter the two sons and the defendant jointly contributed $1,325, the amount for which the property in controversy was purchased on August 2, 1881; that the defendant contributed $500 of the purchase money and the sons the remainder; that, according to previous arrangement between the parties, the property was conveyed by warranty deed to Andrew English, who acted as agent for the contributors; that, in addition to his contribution, the defendant also purchased shingles and lumber, and three contributors then repaired the house upon the premises; that it was understood between the parties that the purchase was made to pro-

vide a home for the aged father and mother, who should occupy the premises as long as they lived, the defendant insisting that so long as they occupied the property they should pay the taxes thereon; that in September, 1881, the father, with his family, entered into possession of the property, and continued so in possession until his death in March, 1892; and that the plaintiff continued in possession with her mother until the latter's death in June, 1903; that about ten years previous to his death, on September 26, 1882, the grantee conveyed the same property to George W. and Jesse R. English and the defendant by warranty deed; that by virtue of this last-mentioned deed, which was made at the request of the grantees therein, who had furnished the money for the purchase, the defendant claims an undivided one-third interest in the property; and that in 1895 the widow of Andrew English conveyed, by quitclaim deed, the same property to the plaintiff. It also appears from the evidence that in June, 1894, the plaintiff, referring to the same property, wrote the defendant in part as follows: "We know we can't do anything without your consent. What do you think would be best to do? Would you sell your interest outright to us? If so, how much would you take? Or would you rather sign a mortgage and still hold your interest? I don't know what property is worth for there is none sold around us for a long time. If we bought your interest we would have to get the money on the place for you. We have a friend who would loan us the money provided all the parties signed the mortgage." At the trial the the court made findings in favor of the defendant, and entered a decree adjudging the defendant to be the owner of an undivided one-third interest in the property and quieting his title thereto. This appeal is from the judgment.

BARTCH, J., after a statement of the case as above, delivered the opinion of the court.

At the trial the defendant offered in evidence the warranty deed dated September 26, 1882, from Andrew English to George W. English, Jesse R. English and the defendant, conveying to the grantees the property in controversy herein. To this offer the plaintiff objected upon the ground that from September, 1881, until his death, in 1892, the grantor was in possession of the premises, and thereafter until the present time his heirs were in possession, and that, such being the case, even if he made the deed, his title could not be disturbed by it. This objection was overruled, and the action of the court has been assigned as error.

The appellant insists that the sourt erred in admitting the deed in evidence without first requiring a showing of possession by the defendant under it, especially as actual and adverse possession had been shown in plaintiff's ancestors and herself for a period beyond the time precribed in the statute of limitations. Under the facts and circumstances disclosed by the record this contention is not well taken. The first point made refers simply to the order of proof, a matter which was within the sound discretion of the court; and no abuse of discretion has been shown. That a warranty deed regular upon its face cannot be admitted in evidence without first showing possession under it, is not the law. Possession may be shown afterwards, as was done in this case. Referring to the second point made—the adverse possession of plaintiff and ancestors and the bar of the statutes—the proof seems wholly inadequate to render the bar complete. The circumstances under which the property was purchased, the purpose for which and the manner in which the purchase was made, the homeless and financial condition of plaintiff's parents in their old days, the understanding between the contributors of the purchase money that the parents should enjoy the property as a home as long as they lived, the fact that they did so enjoy it, the evidence tending to show that the fath-

er acted as agent for the contributors and received the deed to the property as such, the conveyance by him to the contributors a year after he had taken possession of the property the recognition in writing by the plaintiff of the defendant's interest in the property after the death of the grantor who executed the deed in controversy, the deed itself—all these things strongly tend to show that the possesion of the plaintiff and her ancestors, as to the interest of the defendant in the property, was permissive, and not hostile. The proof fails to show that there was ever any overt act, or anything said or done by those in actual possession, that could be construed as a notice to the defendant that they were claiming or holding possession adversely to him. The mere fact that the grantor and his family remained in possession after he executed the deed to the defendant and others does not render their possession adverse to the grantees. By his deed the grantor passed the legal title to a one-third interest in the property to the defendant as grantee, and his covenants in the deed raised the presumption that his occupation of the property thereafter was under and in subordination to the legal title. To overthrow this presumption, the party claiming adversely had the burden to establish the fact, by competent evidence, that an adverse possession continued for the statutory period of limitation. This is so under our statute. Section 2861, Rev. St. The same principle has been announced by this court. Funk v. Anderson, 22 Utah 238, 61 Pac. 1006; Center Creek Irr. Co. v. Lindsay, 21 Utah 192, 60 Pac. 559; Smith v. North Canyon Water Co., 16 Utah 194, 52 Pac. 283. And such is the law in other jurisdictions. Schwallback v. C., M. & St. P. R. Co., 69 Wis. 292, 34 N. W. 128, 2 Am. St. Rep. 740; McNeil v. Jordan, 28 Kan. 7; Dawson v. Bank, 15 Mich. 489; Jeffery v. Hursh, 45 Mich. 59, 7 N. W. 221; Catlin v. Decker, 38 Conn. 262; Whiting v. Edmunds, 94 N. Y. 309. The proof in this case is wholly inadequate to establish title by adverse possession. We are of the opinion that the deed was

properly admitted in evidence; that it was not a mortgage, but an absolute conveyance; and that the plea of adverse possession and of the bar by virtue of the statute of limitations cannot avail the appellant.

It is also contended by the appellant that the court erred in admitting in evidence the portion of the letter written by the plaintiff to the defendant in June, 1894, but we perceive nothing to warrant this contention. The writing shows a recognition of the interest of the defendant in the property by the person who is now claiming to have held adverse possession at the very time she wrote the letter. The foundation for its admission was properly laid. It was therefore, rightfully admitted as tending to show that she held possession in subordination of the legal title. We entertained no doubt that the respondent is entitled to an undivided one-third interest in the property in controversy, and do not deem it important to discuss the other questions presented, although we have examined and considered all of them.

The judgment is affirmed with costs.

BASKIN, C. J., and McCARTY, J., concur.