(85 South. 1)

BLYTHE v. ENSLEN et al.    (6 Div. 897.)

(Supreme Court of Alabama.    Dec. 18, 1919. Rehearing Denied Jan. 29, 1920.)

LIMITATION OF ACTIONS ☞39(1) — ACTION AGAINST BANK DIRECTORS FOR NEGLIGENCE IS A TORT ACTION, AND BARRED BY ONE-YEAR STATUTE.

Action of bank or its stockholders against its directors for the latters' negligence in performing their duties as directors *held* one sounding in tort, and governed by the one-year statute of limitations (Code 1907, § 4840, subd. 5), which provides for causes of action for injury to the person or rights of another, not arising from contract, and not otherwise therein specifically enumerated.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Sylvester Blythe and others against Eugene F. Enslen and others, as stockholders and officers of the Jefferson County Savings Bank, for an accounting and a money decree. From a decree sustaining demurrers to the bill, complainant Blythe appeals. Affirmed.

John W. Altman and Jerome Edmundson, both of Birmingham, Wert & Hutson, of Decatur, and James A. Mitchell, of Birmingham, for appellant. The superintendent of banks is not the only person authorized to institute a suit of this kind. Acts 1911, p. 50; 154 Ala. 151, 45 South. 841; 36 Cyc. 1128. Stockholders may maintain such a bill. 103 Ala. 215, 13 South. 771; 121 Ala. 137, 25 South. 1006; 151 Ala. 315, 44 South. 47; 180 Ala. 261, 60 South. 856; 103 Miss. 560, 60 South. 649, 43 L. R. A. (N. S.) 982, Ann. Cas. 1915B, 526; 181 Ala. 368, 61 South. 951. The bank is a dissolved corporation, and the directors are primarily liable to the stockholders and creditors. Sections 3509, 3512, 3516, Code 1907; 187 Ala. 119, 65 South. 773; 85 Ala. 401, 5 South. 120; 180 Ala. 261, 60 South. 856; 195 Ala. 47, 70 South. 175. The cause is not barred by laches. 121 Ala. 131, 25 South. 1006; 186 Ala. 234, 65 South. 183. The directors were trustees of an express trust, and the statutes of limitations of one year is without application to a breach of such trust. 211 Mass. 252, 97 N. E. 897, 39 L. R. A. (N. S.) 173, Ann. Cas. 1913B, 420; 46 N. J. Eq. 25, 18 Atl. 824; 82 N. Y. 65, 37 Am. Rep. 546; 137 Ill. 509, 25 N. E. 530, 87 Mo. 475; 21 Utah, 192, 60 Pac. 559; 121 Ala. 131, 25 South. 1006; 173 Ala. 398, 56 South. 235; 136 Ala. 271, 33 South. 866; 53 Ala. 371; 111 Miss. 357, 71 South. 636, L. R. A. 1917A, 971.

Johnson & Cock, of Birmingham, for appellee. The superintendent of banks was the only person who could bring this suit. Acts 1911, p. 50; 193 Ala. 341, 69 South. 452; (C. C.) 45 Fed. 13; 72 Fed. 402, 18 C. C. A. 618. Appellants, as stockholders, cannot enforce a corporate right. 176 U. S. 181, 20 Sup. Ct. 311, 44 L. Ed. 423; 7 R. C. L. 331; 244 U. S. 261, 37 Sup. Ct. 509, 61 L. Ed. 1119. The suit is ex delicto in character. 11 Ala. 191; 192 Ala. 269, 68 South. 897; 168 Ala. 469, 53 South. 228. The directors are no more than implied trustees, in whose favor the statute of limitations runs. 88 Tenn. 578, 13 South. 286, 8 L. R. A. 480; 117 Ind. 439, 20 N. E. 287, 10 Am. St. Rep. 68; 77 Me. 465, 1 Atl. 350, 52 Am. Rep. 783; 105 Mo. 486, 16 S. W. 912, 24 Am. St. Rep. 403; 7 B. Mon. (Ky.) 556, 46 Am. Dec. 528; 207 N. Y. 113, 100 N. E. 721; 143 Fed. 478, 74 C. C. A. 498; 132 Ala. 535, 31 South. 607; 134 Ala. 269, 32 South. 722.

GARDNER, J. In January, 1915, the Jefferson County Savings Bank, an Alabama corporation which had been conducting a general banking business in the city of Birmingham for a number of years prior to that date, was ascertained to be insolvent, and the assets and business of the bank were taken over by the state superintendent of banks, as authorized by the statute.

There was subsequently organized the Jefferson County Bank, which for convenience will be referred to as the new bank, a separate and distinct institution from the Jeffer-

---

son County Savings Bank, hereafter referred to as the old bank. In July, 1915, in the course of the liquidation of the affairs of the old bank, and pursuant to an agreement between the superintendent of banks and the new bank, and also pursuant to a decree of the chancery court of Jefferson county, the superintendent of banks sold and assigned to the new bank all the assets of the old. On January 28, 1916, about six months subsequent to the sale of the assets of the old bank to the new, the latter bank also went into liquidation, and was taken over by the superintendent of banks, who is now administering its affairs.

Blythe and Edmundson are stockholders in the new bank, and filed the original bill against the appellees who were directors of the old bank, seeking to assert the right to enforce, as an asset of the new bank, an alleged right of action against the appellees for the benefit of the stockholders, as well as certain depositors of the latter bank, who were made parties to the bill in the court below, over respondents' objection, but who do not appeal.

It is alleged in the bill as a reason why the suit is brought by appellant individually that demand was made upon the superintendent of banks to institute such proceedings, and he declined to do so. Right of recovery is rested upon the alleged negligent and wrongful conduct on the part of the directors of the Jefferson County Savings Bank, which resulted in impairment of its assets. Summarily stated, the directors of the old bank are charged with failure to charge off losses, as required by section 3548 of the Code of 1907; failure to meet and examine the books semiannually, as required by its by-laws; making or permitting to be made excessive loans in violation of section 1 of an act of 1911 (Laws 1911, p. 50), known as the "banking act"; by permitting to be carried on the books of said bank thousands of dollars of bad or worthless paper in violation of the section of the Code above cited; by declaring dividends when the condition of the bank did not justify the same; by allowing unsecured loans to be made from assets of said bank to the Jefferson County Realty & Building Company, in violation of the statutes of Alabama; in permitting the bank to invest $400,000 of the bank's money in common stock of said realty company, in consequence of which all, or a large part of, said sum was wasted or lost— all to the detriment of said bank. There is no contract relation alleged to have existed between said directors and the old bank, other than their acceptance of the duties of such office.

It is alleged that the assets of the old bank, which were sold and transferred to the new bank by the state superintendent of banks, as before stated, included all rights of action or choses in action which had vested in the old

bank; and that, therefore, this right of action of the old bank to recover of its directors damages for their neglect of duty passed by reason of said transfer to the new bank; and that these complainants, as stockholders of said new bank, have a right to prosecute this cause for the enforcement of said right of action, the state superintendent of banks declining to do so upon request.

There were numerous assignments of demurrer interposed to the bill, and from the decree sustaining the demurrer the appellant has prosecuted this appeal.

While many questions are here presented for consideration, yet we are persuaded there is one vital weakness to the maintenance of this bill by these complainants, growing out of the nature of the cause of action, and we therefore confine our decision to that question alone.

Stripped of its general phraseology, and reduced to its last analysis, the bill merely charges the relationship of the directors to the old bank as one of confidence and trust, and the duties devolving upon them as such directors, and their negligent and wrongful conduct as a breach of such duty. In short, it but charges a breach of duty growing out of the relationship, and, in our opinion, states a cause of action in form, ex delicto and case.

Speaking of the distinction between the actions ex delicto and ex contractu, this court, in Western Union Tel. Co. v. Littleton, 169 Ala. 99, 53 South. 97, said:

"In one of our early cases, which has been a leading case ever since, it was said that: 'Perhaps the best criterion is this: If the cause of action, as stated in the declaration, arises from a breach of promise, the action is ex contractu; but if the cause of action arises from a breach of duty, growing out of a contract, it is, in form, ex delicto, and case. For instance, if the declaration allege the hiring of a horse to ride to a certain place, and that the defendant rode him so immoderately that he died, this would be case, for the contract of hire imposed upon him the duty to ride in reason, or not unreasonably fast; but if the declaration allege the hiring, and that he promised to ride with reasonable speed, but, not regarding his promise, he rode the horse immoderately, whereby he died, the action would be considered assumpsit.' Wilkinson v. Moseley, 18 Ala. 288, 290, 291.

"This case has been frequently referred to and followed, but for terseness of expression and simplicity of illustration we doubt if it has ever been surpassed. See Mobile Life Ins. Co. v. Randall, 74 Ala. 170, 177; White v. Levy, 91 Ala. 175, 8 South. 563; Postal Tel. Cable Co. v. Ford, 117 Ala. 672, 23 South. 684."

So, also, in Western Union Tel. Co. v. Kirchbaum, 132 Ala. 535, 31 South. 607, the court said:

"The plaintiff had the right to frame the count either in assumpsit or case. He could have maintained the former by relying upon a breach of the contractual obligation to deliv-

er the message for a recovery, or the latter by relying upon a breach of duty in failing to deliver it, whether that duty arose out of the contract or is imposed by law. * * * Applying the foregoing principles to the count under consideration, it is clear that a breach of duty in failing to deliver the message is the gravamen of the complaint, and not the breach of a promise by defendant to deliver."

The bill charges, in substance, but a breach of duty arising out of the relationship of the directors. We are of the opinion that the foregoing authorities will suffice to demonstrate that the cause of action is ex delicto and not ex contractu, and that no elaborate discussion is here necessary. See, also, Florence Hotel Co. v. Bumpas, 194 Ala. 69, 69 South. 566, Ann. Cas. 1918E, 252; Mobile L. Ins. Co. v. Randall, 74 Ala. 170; Carpenter v. Walker, 170 Ala. 659, 54 South. 60, Ann. Cas. 1912D, 863.

Indeed as far back as the case of Godbold v. Branch Bank of Mobile, 11 Ala. 191, 46 Am. Dec. 211, it was held that injuries of the character here involved "may be redressed by special action on the case."

In our opinion, that the cause of action here stated is ex delicto was clearly shown by the somewhat analogous case of Wynn, Adm'r, v. Tallapoosa County Bank, 168 Ala. 469, 53 South. 228, where the wrong complained of grew out of the alleged negligent or wrongful conduct on the part of the cashier of the bank, in violation of his duty arising from such relationship. There it was held that a cause of action growing out of the negligent performance of the duties of cashier of a bank, or other wrongful conduct in violation of such duties, which did not result in increase of or benefit to his estate, was a tort action of a purely personal character.

Here, the directors are charged with negligent conduct, but not with the conversion or misappropriation of the corporate funds to their benefit (as was the case in Montgomery L. & P. Co. v. Lahay, 121 Ala. 151, 25 South. 1006), such as would support an action of assumpsit, the tort being waived.

It results, therefore, from the foregoing that the cause of action here is one falling within the statute of limitations of one year, coming within the influence of subdivision 5 of section 4840 of the Code of 1907, which provides for those causes of action not otherwise therein specifically enumerated. A review of our statute of limitations will disclose that such actions, as here involved, are not elsewhere otherwise specifically enumerated.

Indeed, it is not insisted that any other statute of limitations would apply if the court should conclude the bill stated only an action in tort; but the argument is made that the bill sufficiently shows a breach of contract, and therefore the six-year statute of limitations applies. In support of this contention,

we are cited to the case of Wallace v. Lincoln Savings Bank, 89 Tenn. 630, 15 S. W. 448, 24 Am. St. Rep. 625, but that authority gives no discussion to the distinction between actions ex contractu and ex delicto in cases of this character. While the writer is rather favorably impressed with the decision in that case, yet the distinction here drawn has been recognized since the early history of this court, and it is too well grounded in our jurisprudence to consider a departure therefrom. Many of the authorities hereinafter cited also disclose that averments, as contained in this bill, state an action ex delicto. As we entertain the view that under the foregoing authorities from this court the cause of action as shown by the bill is ex delicto and not ex contractu, the Wallace Case, upon this particular point, is without influence here.

Nor have we overlooked the argument of counsel for appellant that some of the by-laws required an examination of the books semiannually which the directors failed to make. The insistence is made that such by-law constituted a contract between the parties, citing 5 Cyc. 487; 10 Cyc. 351; Weatherly v. Med. Sur. Soc., 76 Ala. 567; 7 Corp. Jur. 587. However, we are not favorably impressed with this insistence. While the corporation and its members may be bound, or shielded by the by-laws validly enacted, as was stated in Weatherly v. Med. Sur. Soc., supra, yet these authorities are without application to the situation here presented. So far as the cause of action here sought to be enforced is concerned, the by-laws constituted but a rule of conduct, as did the statutory provisions, and, indeed, as well also the general rules of law governing the duties of such directors that grew out of the relation of trust and confidence which they occupy. But these are not matters which can be said to create a contract between the parties, such as to make a failure of their observance ground for an action ex contractu rather than ex delicto. 7 R. C. L. p. 476.

Counsel for appellant also urge that the directors were trustees of an express trust, in whose favor the statute of limitations does not run, citing in support of this argument Ellis v. Ward, 137 Ill. 509, 25 N. E. 530; Greenfield Savs. Bk. v. Abercrombie, 211 Mass. 252, 97 N. E. 897, 39 L. R. A. (N. S.) 173; Center Creek Water, etc., Co. v. Lindsay, 21 Utah, 192, 60 Pac. 559; Sweeny v. Grape Sugar Co., 30 W. Va. 443, 4 S. E. 431, 8 Am. St. Rep. 88; Hun v. Cary, 82 N. Y. 65, 37 Am. Rep. 546. We will not review the cases, but some of those cited do not support the proposition fully as for instance the Massachusetts case of Greenfield Savs. Bk. v. Abercrombie, supra, appears to be rested upon a special statute of that state in regard to savings banks. Indeed, in a very early case in that state (Hinsdale v. Larned, 16 Mass. 65), it was said:

"But where the action is brought against the directors, and is founded on their supposed malfeasance or negligence, there could be no distinction that we can perceive in the application of the statute of limitations, between such a case and any other special action on the case."

In Wood on Limitations, vol. 2 (4th Ed.) § 200, is the following:

"It is well settled that a subsisting, recognized and acknowledged trust, as between the trustees and cestui que trust, is not within the operation of the statute of limitations. But this rule must be understood as applying only to those technical and continuing trusts which are alone cognizable in a court of equity; and, trusts which arise from an implication of law, or constructive trusts, are not within the rule, but are subject to the operation of the statute, unless there has been a fraudulent concealment of the cause of action, and the statute is as complete a bar in equity as at law."

Much has been written upon the question, and we have read many of the cases—but to review them here would extend this opinion to undue length. Suffice it to say that, in our opinion, the decided weight of authority, both from a logical as well as numerical standpoint, supports the above quotation from Wood on Limitations. Among the more recent authorities, the case of Boyd v. Mut. Fire Ass'n from the Wisconsin Supreme Court (116 Wis. 155, 90 N. W. 1086, 94 N. W. 171, 61 L. R. A. 918, 96 Am. St. Rep. 948) appears to be the leading authority in support of this view, and the note thereto cites many other interesting cases. The Boyd Case reviews and distinguishes many of the cases, including Coxe v. Huntsville Gas. Lt. Co., 106 Ala. 373, 17 South. 626. We also note the following authorities to like effect: Winston v. Gordon, 115 Va. 899, 80 S. E. 756; Cockrill v. Butler (C. C.) 78 Fed. 679; Cooper v. Hill, 94 Fed. 582, 36 C. C. A. 402; Lexington, etc., R. R. Co. v. Bridges, 7 B. Mon. (Ky.) 556, 46 Am. Dec. 528; Wallace v. Lincoln Savs. Bk., supra.

All the authorities recognize, of course, that the relation of directors to stockholders is of a fiduciary character, one of confidence and trust; and, indeed, they are in a sense trustees, as "every agent is a trustee for his principal, and bound to exercise diligence and good faith." Wallace v. Lincoln Savs. Bk., supra. But, as was held by this court in King v. Livingston Mfg. Co., 192 Ala. 269, 68 South. 897, "the relation * * * is not technically that of trustees." They do not come within that class of trustees, therefore, referred to above in Wood on Limitations, as to take them from without the operation of the statute of limitations. The case of Ventress v. Wallace, 111 Miss. 357, 71 South. 636,

L. R. A. 1917A, 971, cited by counsel for appellant, recognizes that the reasoning of the court in the Boyd Case, supra, was "persuasive that directors are not trustees of a direct trust," in the sense that term is generally understood.

The present case shows a right of action in case, that could be maintained in a court of law. No fraudulent concealment of any right of action is shown on the part of respondents. It is averred, at least inferentially in the eighth paragraph of the bill as originally filed, that knowledge of the dereliction of duty on the part of the directors was acquired when the old bank suspended business January 28, 1915. The new bank acquired the assets of the old in August, 1915, and went into liquidation in January, 1916. This suit was brought March 10, 1917, which was two years after the suspension of the old bank, and over a year after the failure of the new, and more than a year after the new bank had acquired whatever right it may have had to sue on the alleged cause of action made the basis of this bill. We are therefore not here concerned with the reasoning of the Mississippi court in Ventress v. Wallace, supra, upon this point, as, in any view of the case, the statute of limitations of one year being here applicable, the alleged cause of action was barred.

We have stated our conclusion that the cause of action was for a tort and in case, and was such as might have been maintained in a court of law, and as to which the statute of limitations of one year applies. The respondents are entitled to the benefit of this statute of limitations in a case of this character under the express provisions of section 3091 of the Code of 1907. Molton v. Henderson, 62 Ala. 430.

We are of the opinion, therefore, that the bill shows upon its face the right of action here sought to be enforced is barred by the statute of limitations of one year, and that the decree sustaining the demurrer should be affirmed.

As we have previously stated, there were numerous questions presented by the record, including the question of the assignability of the action; but, having reached the foregoing conclusion, we pretermit a consideration of these other matters. So, also, the conclusion reached renders the question of revivor as to one of the respondents, now deceased, unimportant, and therefore needs no consideration here.

The decree appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.