(95 South. 479)

### BLYTHE et al. v. ENSLEN et al. (6 Div. 598.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Denied Feb. 1, 1923.)

**1. Limitation of actions ⬅21(5)—Duties alleged to have been breached by directors of savings bank held not matters of express contract.**

In a stockholders' action against the directors of a savings bank for breach of duty to protect the interests of the bank and to perform the duties imposed by its by-laws, *held* that, while the duties alleged to have been breached arose by implication out of the contract between the directors and the bank, they were not matters of express contract, within the meaning of the law discriminating between actions ex delicto and ex contractu.

**2. Limitation of actions ⬅36(1)—Limitation as to suit at law against savings bank directors held applicable in equity.**

If an action ex delicto against the directors of a savings bank for breach of duty to protect the interests of the bank is barred at law, it is also barred in equity, in view of Code, § 3091, making applicable to suits in chancery the time within which civil suits must be commenced.

#### On Application for Rehearing.

**3. Banks and banking ⬅55(4)—Stockholders' petition against savings bank directors for breach of duty held insufficient.**

A petition by stockholders' seeking to charge savings bank directors with breach of duty to protect the interests of the bank, averring that, because of losses by bad or improper loans, and because of illegal dividends, "which it is said directors declared to their own benefit and in fraud of the creditors of the bank," the capital stock was greatly impaired, and that the directors "did, in violation of law, declare and pay or cause to be paid 'dividends upon the capital stock of said bank, while its capital stock was impaired," being merely the conclusions of the pleader as to the fraud charged, *held* insufficient to show a personal liability to the creditors or stockholders.

**4. Banks and banking ⬅54(1), 57—Directors declaring dividend because of bad judgment not personally liable to creditors.**

Where directors of a bank declare a dividend because of bad judgment, and not bad faith, there is no personal liability to creditors, and, in the absence of fraud, none to stockholders.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Sylvester V. Blythe and others against Eugene F. Enslen and others. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

John W. Altman and Jerone Edmundson, both of Birmingham, for appellants.

The relation between directors and the corporation is that of principal and agent. The directors are agents of the corporation. Elliott on Private Corp. (4th Ed.) § 494, and authorities. A contract was entered into by the directors and the corporation, and the directors received compensation for their services. 2 Kent's Comm. 612; 201 Ala. 398, 78 South. 196; 21 R. C. L. 817; 29 Ind. App. 181, 64 N. E. 94, 94 Am. St. Rep. 268; 5 N. Y. Super. Ct. 577; 207 Ill. 534, 69 N. E. 845; 1 A. & E. Ency. L. (2d Ed.) 948; Thompson on Corp. (2d Ed.) § 1266. The relation of a director to the corporation is contractual. 141 U. S. 132, 11 Sup. Ct. 924, 35 L. Ed. 662. A director of a corporation implicitly warrants and agrees that he is qualified to act as such, and the undertaking implies the pledge to watch over and protect the interests of the institution. 85 Va. 676, 8 S. E. 586, 2 L. R. A. 534, 17 Am. St. Rep. 84; Michie, Banks & Banking, 272; 11 Ala. 191, 46 Am. Dec. 211; 192 Ala. 269, 68 South. 897; 25 Ala. 566. The remedy of the stockholder is in equity. 14 C. J. 156. For further brief, see 203 Ala. 692, 85 South. 1.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellees.

Persons who have had knowledge of and have been benefited by certain acts of a bank are estopped from alleging that such acts are ultra vires. 10 R. C. L. 728. For further brief, see 203 Ala. 692, 85 South. 1.

SAYRE, J. On a former appeal (203 Ala. 692, 85 South. 1), it was held that complainants' (appellants') action was one sounding in tort and governed by the statute of limitation of one year. This appeal seeks to review that conclusion.

Complainants' bill was amended on its return to the trial court; but its claims upon the jurisdiction of equity remain substantially as they were before. The contents of the bill are sufficiently shown in the report of the former appeal; but it is not amiss now

to observe that, while the bill seeks to charge defendants as for a breach of their alleged contract, as directors of the Jefferson County Savings Bank, in general to diligently supervise, watch over, and protect the interests of the bank, and, more specifically, to perform the duties imposed by the by-laws of the bank, yet the averment of contractual relation is the conclusion of the pleader drawn from the fact that defendants accepted the office of directors. More in detail, the argument now takes this form in substance: The relation between a corporation and its directors is that of principal and agent, and agency is a contractual relation; therefore the relation between their bank and the defendants here was contractual, and then, to complete the statement of complainants' case, is added the proposition, which of itself will not be denied, that the stockholder's remedy is in equity, the wrong complained of being in theory of law done to the corporation, and not to the stockholders distributively. But the question now in hand relates to the statute of limitations which the provisions of the Code, § 3091, "prescribing the time within which civil suits must be commenced after the cause of action accrued, apply to suits commenced by bill in chancery "

[1, 2] The point of emphasis new seems to be the fact of agency as establishing a contractual relation between the bank and its directors; but the case as thus presented does not differ in legal effect from that presented on former appeal when it was decided, upon grounds amply sustained by the authorities and satisfactory to the court, that defendant directors were trustees by implication of law only, that the bill charged a breach of duties arising out of the relation between the bank and its directors, and hence that the action against them was ex delicto and barred by the statute of one year. Considered with reference to the law of agency, the case for complainants is no stronger now than then. The argument now made, if sound, would have resulted in a reversal on former appeal without regard to the effort to charge defendants as trustees, for trustees are agents. Wallace v. Lincoln Savings Bank, 89 Tenn. 630, 15 S. W. 448, 24 Am. St. Rep. 625. The duties alleged to have been breached by defendants arise by implication out of contract, but are not matters of express contract within the meaning of our law discriminating between actions ex delicto and ex contractu. This, in effect, had been decided in this court prior to the decision on the former appeal in this case. In Godbold v. Branch Bank of Mobile, 11 Ala. 191, 46 Am. Dec. 211, cited on former appeal. the action was against defendant director for the breach of a duty imposed on him by statute, not only to take care in general of the affairs of the bank, but specifically and expressly the duty alleged to have been

209 ALA.—7

breached. The remedy was held to be an action ex delicto. So in Carrol v. Green, 92 U. S. 509, 23 L. Ed. 738, and Cockrill v. Butler (C. C.) 78 Fed. 679, where this question had elaborate consideration; Hinsdale v. Larned, 16 Mass. 68; Coddington v. Canaday, 157 Ind. 243, 61 N. E. 567. And the courts generally hold that if an action of this sort would have been barred at law, it is also barred in equity. Federal cases, supra, and authorities cited in 89 Tenn. 630, 650, 15 S. W. 448, 24 Am. St. Rep. 625.

Other objections to complainants' bill are discussed in the briefs. As to them it is not necessary to announce a decision. The bar of the statute of limitations, shown on the face of the bill, is sufficient to dispose of complainants' case.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

On Application for Rehearing.

SAYRE, J. In their application for rehearing appellants complain that one aspect of their bill has not received the attention of the court. They segregate the second subdivision of the second paragraph of the original bill, lines 9 to 13 of the seventh section, and all of the thirteenth section of the bill as last amended, as setting forth the facts on which they claim relief according to the formula of Wynn v. Tallapoosa County Bank, 168 Ala. 469, 489, 53 South. 228, 236, a case in which the bank sought to charge the estate of its deceased cashier, and where it was said:

"The bill contains equity in so far as it seeks to charge respondent for an accounting as to the funds or property of the bank, acquired by the intestate as the bank's agent or trustee, whether by breach of contract, expressed or implied, or whether by breach of duty or trust growing out of such contractual relation, though it amounted to a tort."

Montgomery Light Co. v. Lahey, 121 Ala. 131, 25 South. 1006, is cited to the same effect. This language of the opinion in the first-named case must be held to have referred to the averment of the bill, to quote from the opinion—

"That at his death he [the cashier] was short in his cash account with the bank in the sum of more than $1,500, and was short in his account with bills receivable in the sum of more than $3,700."

But the court in that case held there was no evidence to sustain this charge. Montgomery Light Co. v. Lahey sheds no light upon the question here presented. Ward v. Hood, 124 Ala. 570, 27 South. 245, 82 Am. St. Rep. 205, is also cited to the proposition that—

"Where one wrongfully converts the property of another, the tort may be waived, and an ac-

tion be brought for the proceeds arising from such conversion as for money had and received for the use and benefit of the plaintiff."

But that proposition will not be denied by any one; the question now presented being whether appellants (complainants) have proceeded on or intended to invoke that rule of law.

The bill is still in substance what it was on former appeal as appears from the second subdivision of the second paragraph of the original bill, where it was and is shown that defendants, as directors of the old bank, caused to be paid out large dividends which "were paid from the assets of said corporation, not surplus profits arising from the business of the bank; or there was paid to the stockholders or some of them by way of dividends a part of the capital stock of the bank." And the original brief now on file in this cause shows only an argument against the conclusions stated by this court on the former appeal, though it does, in division D of proposition 4, cite Wynn v. Tallapoosa County Bank, supra, in support of its contention, there only stated, that the thirteenth section of the amended bill, which does no more than set out in detail the dividends received by defendant directors, "taken in conjunction with the rest of the bill, contains equity, in that it seeks to recover from the respondents, jointly, the funds or property of the bank, acquired by them while acting jointly as the bank's agents, whether by breach of contract, express or implied, or whether by breach of duty or trust growing out of such contractual relation." The purpose of "the rest of the bill," as we said in effect in our original opinion on this appeal, was to fasten upon defendants a liability ex delicto, and such, in our judgment, is the purpose of the bill as a whole in its present frame, even though stress be laid upon those parts of it to which appellants now point in their latest effort to get away from the decision on former appeal.

[3, 4] Moreover, looking to those segregated parts of the bill now pressed upon our attention, no ground appears for charging appellees individually with the dividends received by them. No fraud is charged, as the demurrer points out. The averment found in the midst of the seventh section of the bill as last amended is "that because of losses caused by bad or improper loans and because of illegal dividends which the said directors declared greatly to their own benefit and in fraud of the creditors of the bank, the capital stock of said bank was during all of the time aforesaid greatly impaired, and while so impaired every one of the directors of said Jefferson County Savings Bank who is sued herein breached his contract and agreement to diligently supervise, watch over, and protect the interest of said savings bank in the manner more particularly set out in section sixth hereof as amended," where it is averred, among other things, that appellee defendants "did, in violation of law, declare and pay or cause to be paid dividends upon the capital stock of said bank, while its capital stock was impaired." But these averments as to fraud in the declaration of dividends are nothing more than the conclusions of the pleader, notwithstanding which defendants are not personally liable to creditors, for they are not liable if they acted in good faith in a mistaken belief that a fund existed from which a dividend might have been declared. Lexington & Ohio R. R. Co. v. Bridges, 7 B. Mon. (Ky.) 556, 46 Am. Dec. 528. Where directors declare a dividend because of bad judgment, and not bad faith, there is no personal liability to creditors. 1 Morse on Banks (5th Ed.) § 128, p. 270; Magee on Banks (3d Ed.) p. 130. The bill fails to show fraud, and such being the case in respect of creditors, we apprehend that complaining stockholders are in no better case. Indeed, it is not averred by way of conclusion or otherwise that the dividends in question were declared in fraud of the rights of complaining stockholders, who, it may be noted, for aught appearing, accepted and still retain their share of the dividends of which they now complain. True, it is said in the way of recital that the dividends were illegal; but this, in the present state of the bill, can be accepted only as meaning that the dividends "in many instances" were paid from "assets" rather than "surplus profits"— nothing more.

The application is overruled.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.