HOUGHTON et al. v. ENSLEN et al.

(Circuit Court of Appeals, Fifth Circuit. November 10, 1919.)

No. 3339.

1. BANKS AND BANKING ⬤⇒63½—STATE SUPERINTENDENT OF BANKS; ASSIGNMENT OF RIGHT OF ACTION AGAINST DIRECTORS.

Under Acts Ala. 1911, p. 50, creating banking department of the state and authorizing the superintendent of banks to take possession and liquidate unsound banks, whether corporate or private, by collecting all debts due and claims belonging to the bank, or by selling pursuant to order of court all of the property of the bank, the superintendent of banks may under order of court dispose of, with the other property, the bank's right of action against directors for mismanagement.

2. BANKS AND BANKING ⬤⇒63½—SALES BY STATE BANKING SUPERINTENDENT OF ASSETS OF INSOLVENT BANK.

A sale by the Alabama superintendent of banks of the assets of an unsound bank, made pursuant to the powers given by Acts Ala. 1911, p. 50, and under order of court, *held*, in view of the order of the court and resolution of stockholders, to carry with it any right of action in favor of the unsound bank against directors for their mismanagement.

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Bill by Albert F. Houghton and others against Eugene F. Enslen and others. From a decree dismissing the bill, complainants appeal. Affirmed.

Robert N. Bell and James A. Mitchell, both of Birmingham, Ala. for appellants.

Forney Johnston and W. R. C. Cocke, both of Birmingham, Ala., for appellees.

Before WALKER, Circuit Judge, and FOSTER and EVANS, District Judges.

WALKER, Circuit Judge. This was a stockholders' bill filed by the appellants, three stockholders of the Jefferson County Savings Bank, an Alabama corporation (which will be referred to as the bank), against that bank and the directors thereof. The bill sought a decree charging the directors individually with liability for alleged losses sustained by the bank in consequence of alleged wrongful conduct of the directors in making, for and in the name of the bank, sundry loans of the bank's funds to insolvent borrowers without security, or on grossly inadequate security, and in investing other funds of the bank in property worth greatly less than the aggregate of the amount of incumbrances thereon and the amounts of the bank's funds invested therein. Among the matters set up in the answer to the bill as defenses thereto were the following:

(1) That the causes of action sued on were barred by the Alabama statute of limitations of one year; (2) that the claims sued on were assigned to the Jefferson County Bank, another corporation, by the Alabama superintendent of banks pursuant to a decree of the chancery

court of Jefferson county, Ala., rendered in a cause to which the superintendent of banks and the Jefferson County Savings Bank were parties, which decree was rendered after the making of such assignment had been agreed to by the stockholders of the bank, as evidenced by a resolution adopted at a meeting of such stockholders, a copy of which was exhibited to the court ordering the sale.

The court ordered that the above-mentioned two matters set up in defense to the bill be separately heard and disposed of before the trial of the case as a whole. The result of that hearing was a decree dismissing the bill. The appeal is from that decree.

The decree under review is not subject to be reversed if either of the above-mentioned matters constituted a defense to the bill.

[1] The superintendent of banks is a state officer provided for by an act of the Legislature of Alabama entitled:

"An act to create a banking department of the state of Alabama and through this department to regulate, examine and supervise banks and banking, and to punish certain prohibited acts relating thereto." General Acts Alabama 1911, p. 50.

That act provides that, on the happening of specified delinquencies or on a finding, after examination, that a corporation or individual banker is in an unsound or unsafe condition to transact the business for which it was organized, or that it is unsafe for it to continue in business, the superintendent of banks may take possession of the property and business of such corporation or individual banker, and retain such possession until such corporation or individual banker shall resume business or its affairs be finally liquidated as provided in the act. While so in possession the superintendent is authorized to collect all debts due and claims belonging to the bank. Provision is made by the act for the superintendent completing the liquidation of the affairs of a bank, and for his selling, pursuant to an order of court, and on such terms as the order prescribes, all real or personal property of the bank, the property and business of which has been taken possession of.

The provision for the authorization of a sale by the superintendent of banks of "all real and personal property" of a bank is to be interpreted in the light of the fact that the making of such sale is a step towards effecting a complete liquidation of the bank's affairs. The provisions of the act make it evident that it was contemplated that the affairs of a delinquent or unsound bank which is not put in condition to resume its business with safety to those having dealings with it may be finally liquidated by the superintendent, and that that official may proceed towards that end by realizing on everything on which the bank itself could have realized, if it had remained in control of its own affairs, and that he may do so either by sale or by enforcing payment or collection of everything belonging to the bank which may be made available for the payment of debts and distribution of any surplus among the bank's stockholders. It is not to be doubted that the official liquidator would be empowered to enforce such a liability to the bank as that of the directors which is alleged and sought to be enforced in this case. It being open to him to realize by sale on what belongs to

the bank, it may be inferred that it was intended to make it permissible for him to sell anything belonging to the bank on which he, as liquidator, could have realized money if he had not sold it.

In view of the fact that a complete liquidation of the affairs of a bank was provided for, and that the official liquidator could be authorized to sell what belonged to the bank, instead of realizing on it otherwise, we think the conclusion is warranted that he could, when duly authorized to do so, make a sale which would confer on the purchaser the right to enforce such a liability to the bank of its directors as the averments of the bill in this case show was incurred. Considering the object in view in providing for an authorization of a sale by the superintendent of all property of a bank, it is not to be supposed that the Legislature intended to authorize the enforcement by the superintendent of the tort liability of the bank's directors, and at the same time intended to withold from that official the power of assigning or transferring to the purchaser of the bank's assets the right to enforce that liability. So far as a bank's resources are concerned, it seems that a buyer can be put in the superintendent's shoes, leaving no moneyed liability to the bank to be enforced by that official. We are of opinion that under the provisions of the act the superintendent could be authorized to sell anything belonging to the bank which was a resource on which it could have realized money, if it had remained in control of its own affairs.

[2] The further question is: Was the right to enforce the asserted liability of its directors to the bank sold and transferred by the superintendent of banks? Pursuant to a decree rendered by a court having jurisdiction in a cause to which the bank and the superintendent of banks were parties, the latter sold, transferred, set over, and assigned to the Jefferson County Bank, its successors and assigns—

"all and singular the real, personal, and mixed property, choses in action, causes of action, rights, equities, and assets, of every nature whatsoever, of said Jefferson County Savings Bank, and all such property and assets in or to which the said Jefferson County Savings Bank, or the said A. E. Walker, as superintendent of banks, in charge of the business and assets of said bank, or the stockholders or creditors of said bank, have any right, title, interest, equity, or estate, including (but without limiting the scope of this conveyance to) all moneys, funds, and securities in the custody or possession of said superintendent of banks in the premises; all real, personal and mixed property, of every nature whatsoever, whether located in Jefferson county, Alabama, or elsewhere, as well as rights, equities, and causes of action, choses in action, remedies, and recoveries, in or to which the said Jefferson County Savings Bank had any right, title, interest, or equity on January 28, 1915; all promissory notes, together with all collateral or other security or agreements thereto attached, now in the possession of the superintendent of banks as aforesaid, or in the possession of the agents or attorneys of said superintendent of banks, or of said Jefferson County Savings Bank, including, likewise, all judgments, decrees, suits, actions, and causes of action pending in the courts of Alabama or of any other jurisdiction in which the said savings bank had or has any beneficial or other interest, together with all rights, powers, equities, trusts, powers of appointment, agencies, and things or relations of value heretofore vesting in or inuring to the benefit of said bank, of every nature whatsoever."

It is plain that any liability to the bank which was capable of being assigned was embraced by the above-quoted assignment. A question

was raised as to the regularity of the adoption, at an adjourned meeting of the bank's stockholders, of the resolution in conformity with the terms of which the court authorized the sale made by the superintendent. No question is raised as to the regularity of the adoption, at a previous meeting of the bank's stockholders, of a resolution which contained the following:

"Resolved, that the superintendent of banks is hereby authorized and requested to dispose of all of the assets of the Jefferson County Savings Bank to any individual, corporation, or association, in consideration of the assumption by the purchaser of the debts and liabilities of the Jefferson County Savings Bank, as shown by the books of the bank and filed or allowed, together with the costs of administration, under such terms and provisions as may be stipulated by him.

"Resolved, further, that the superintendent of banks and his agents be, and they are hereby, authorized and directed to execute all such transfers and assignments for and in the name of this bank as may be deemed necessary by the purchaser of said assets to effect such transfer."

It is quite apparent that the managing officers of the bank, in consenting to the sale authorized by the terms of the court's order, did not go beyond what the bank's stockholders had expressly authorized and requested to be done.

From the above-stated conclusions it follows that the court did not err in dismissing the bill. The decree to that effect is affirmed.