(96 South. 898)

**MONTGOMERY, State Superintendent of Banks, v. CHEMICAL NAT. BANK OF NEW YORK. (3 Div. 601.)**

(Supreme Court of Alabama. June 7, 1923.)

**1. Banks and banking ☞63½—Bill alleging false and fraudulent representations of bank since insolvent, and praying recognition by state superintendent of banking of claim against it, held to contain equity.**

In a suit by a bank against the state superintendent of banks having in charge the liquidation of another bank to enforce recognition by defendant of complainant's claim for the amount of an indebtedness, a bill alleging that plaintiff, pursuant to an agreement with the insolvent bank, had honored drafts drawn on it by a cotton company and credited the proceeds to the insolvent bank which had used them in its business, and that the insolvent bank had thereafter negligently permitted the cotton company to procure warehouse receipts held as security, and that the cotton company had thereupon wrongfully converted the cotton to its own use, and that the insolvent bank had thereafter upon false and fraudulent representations induced plaintiff to release part of such indebtedness, held to contain equity.

**2. Corporations ☞513(4)—Complaint averring fraud in that corporation "represented to your orator," etc., defective for failure to allege name of agent making representations.**

An allegation in a bill charging fraud on the part of a corporation, in that the corporation "represented to your orator," etc., is fatally defective for failure to aver the name of the agent making the representations.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill by the Chemical National Bank of New York against H. H. Montgomery, as State Superintendent of Banks. From a decree overruling demurrer to the bill, respondent appeals. Reversed and remanded.

Steiner, Crum & Weil and Horace Stringfellow, all of Montgomery, for appellant.

When appellee, by the release of its indebtedness, made good impairment in the capital of the bank, its act was final and irrevocable. Wright v. Gurley, 133 La. 745, 63 South. 310. The bill was defective in failing to show what agent of the bank made the alleged misrepresentations. Pinkston v. Boykin, 130 Ala. 483, 30 South. 398; National Park Bank v. L. & N. R. Co., 199 Ala. 192, 74 South. 75.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

A receiver of an insolvent bank occupies no better position than the bank, and takes the property of the bank subject to all equities which existed at the time of his appointment. 7 C. J. 735; High on Receivers (4th Ed.) 386; Beach on Receivers, § 639; Wait on Insolvent Corp. § 235; Wright v. Hix, 203 Ala. 434, 83 South. 341; Florida Land Co. v. Merrill, 52 Fed. 77, 2 C. C. A. 629. It is not necessary to aver the names of agents whose acts constituted the cause of action against the corporation. 5 Ency. Pl. & Pr. 92; Gould v. Subdistrict, etc., 7 Minn. 203 (Gil. 145); Com. v. Nunn, 17 Colo. App. 117, 67 Pac. 342; Indiana Bicycle Co. v. Willis, 18 Ind. App. 525, 48 N. E. 646; Scribor v. O. & W. R. & N. Co., 70 Or. 116, 140 Pac. 629; King v. Livingston Mfg. Co., 180 Ala. 118, 60 South. 143; McCord v. W. U. Tel. Co., 39 Minn. 181, 39 N. W. 315, 1 L. R. A. 143, 12 Am. St. Rep. 636.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAYRE, J. [1] The Chemical National Bank of New York filed this bill, averring in substance that, in pursuance of an agreement with the Merchants' Bank of Montgomery, complainant accepted four drafts, aggregating $100,000, drawn against it by the Hall-Beale Cotton Company, and credited the proceeds to the Merchants' Bank, which used them in its business. These drafts were secured by the pledge of 1,185 bales of cotton stored in warehouses in Montgomery, the Merchants' Bank retaining the warehouse receipts. Through the negligence of the Merchants' Bank the Hall-Beale Cotton Company procured the receipts and wrongfully converted the cotton to its own use. Later the Merchants' Bank represented to the Chemical Bank that its whole indebtedness on account of the transaction with the Hall-Beale Company was larger than it could carry, and proposed that, if the Chemical Bank would reduce the indebtedness by splitting it into two parts, it (the Merchants' Bank) would remain liable for $33,780 and would furnish good indorsers for the balance, then to wit, $60,000, and represented that W. L. Lancaster, John R. Gamble, John H. Gaddis, and B. L. Gaddis, the proposed indorsers, were men of large means, worth $176,000 over and above their liabilities; that, relying upon these representations, complainant entered into the proposed arrangement, but later learned that the representations so made to it concerning the solvency of the said indorsers were false and fraudulent and that said indorsers had no property whatever available for the payment of the debt of $60,000; that complainant had duly filed its claim with defendant as state superintendent of banks having in charge the liquidation of the affairs of the Merchants' Bank, and that said superintendent had rejected the claim. The prayer was that complainant's claim for the amount of the indebtedness of the Merchants' Bank be allowed and that complainant be decreed to be entitled to dividends in the same proportion as other creditors, etc. The trial court overruled defendant's demurrer, and this appeal is taken to test the correctness of that ruling.

Appellant's contention is that, since the Banking Act required the Merchants' Bank to make good any impairment of its capital, when appellee made good the shortage for it, appellee's devotion of its funds to that end was irrevocable, and cites Wright y. Gurley, 133 La. 745, 63 South. 310, a Louisiana case, as sustaining his contention.

Appellant's contention would hold good, no doubt, but for the fact that appellee's money, according to the averment, confessed by the demurrer, was obtained by fraud. There is no question made about the sufficiency of appellee's averment of fraud, and fraud vitiates every transaction into which it enters. The Banking Act (Acts 1911, p. 50 et seq.) indicates that, when the superintendent takes charge of the affairs of an insolvent bank, he becomes a statutory assignee of its assets, a receiver with such powers and duties as are usually incident to receiverships, and hence he takes its property subject to all equities which exist when he takes possession. 7 C. J. 735. We are clearly of opinion that the bill has equity. In this view we are sustained by the decision in Florida Land Co. v. Merrill, 52 Fed. 77, 2 C. C. A. 629.

The case cited by appellant may be discriminated on other grounds, but it is enough to say that the most material respect in which it fails to meet the exigency presented by the case in hand is that there was no charge of fraud.

[2] But on another point the decree overruling the demurrer is held for error. The averment is that the "Merchants' Bank represented to your orator," etc. In Pinkston v. Boykin, 130 Ala. 483, 30 South. 398, complainant, charging fraud in the procurement of a conveyance of land from himself to defendant, averred that a person, not named in the bill, deceived and misled complainant in showing him about the land, with which complainant owner was unacquainted, and that "the person was the agent of the respondent." The court held the bill there to be defective because it failed to aver the name of the person who was alleged to have acted as respondent's agent in deceiving and misleading complainant as to the character and quality of the land (or that his name was unknown), saying:

"It may be that the defense of this suit will turn upon the issue of agency vel non, and, if so, it would be most important for the respondent to be informed by the bill as to the identity of the alleged agent whose fraudulent acts and representations are imputed to him."

Our judgment is that the case in hand cannot be distinguished from the case referred to on the ground that the appellee here is a corporation, and the court holds that the precedent should be followed, and in this the writer has acquiesced, though with some reluctance. The great weight of authority is with the ruling of the trial court on this question. 14A C. J. 845, note 42.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.