(102 So. 621)

## BLYTHE et al. v. ENSLEN et al.*
### (6 Div. 130.)

(Supreme Court of Alabama. Oct. 16, 1924. Rehearing Denied Jan. 28, 1925.)

1. **Banks and banking ☞63½—Assignee of assets of insolvent bank, through superintendent of banks, takes only property rights of old bank.**

Assignee of assets of insolvent bank, received through superintendent of banks, takes only its property rights, and is not creditor.

2. **Banks and banking ☞63½—Assignee of assets of insolvent bank cannot enforce action against its directors for fraudulent dividends.**

Suit by assignee of assets against directors of insolvent bank to recover fraudulent dividends, held not to constitute cause of action, since assignee is not creditor but stands in position of stockholders, who could not be heard to complain of dividends for their benefit.

Thomas, J., dissenting.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Sylvester V. Blythe and others against Eugene F. Enslen and others. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

See, also, 203 Ala. 692, 85 So. 1; Id., 209 Ala. 96, 95 So. 479.

John W. Altman and Jerone Edmundson, both of Birmingham, James J. Mayfield, of Montgomery, and Wert & Hutson, of Decatur, for appellants.

Both as to third persons and stockholders alike it is a good cause of action against directors that they declare dividends out of the capital stock or deposits, and not out of earnings. Michie on Banks & Banking, 367; Solomon v. Bates, 118 N. C. 311, 24 S. E. 478, 54 Am. St. Rep. 708; McTamany v. Day, 23 Idaho, 95, 128 P. 563. The right to recover dividends unlawfully paid to the directors was a corporate right, which passed to the receiver. Main v. Mills, Fed. Cas. No. 8974; Ackerman v. Halsey, 37 N. J. Eq. 356; Wallace v. Lincoln Sav. Bank, 89 Tenn. 630, 15 S. W. 448, 24 Am. St. Rep. 625; Brinckerhoff v. Bostwick, 88 N. Y. 52; Leeds' Estate, etc., Co. v. Shepherd, 36 Ch. Div. 787. The causes of action sought to be enforced were assignable. Buck v. Gimon, 201 Ala. 619, 79 So. 51; L. & N. v. Landers, 135 Ala. 504, 33 So. 482; Houghton v. Enslen (C. C. A.) 261 F. 113.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellees.

The improper declaration of dividends out of capital is something of which only creditors can complain. Minn. Thresher Co. v. Langdon, 44 Minn. 37, 46 N. W. 310; Great West. Min. Co. v. Harris, 128 F. 321, 63 C. C. A. 51; Foster v. Seymour (C. C.) 23 F. 65; Barber v. Stromberg-Cortson T. Co., 81 Neb. 517, 116 N. W. 157, 18 L. R. A. (N. S.) 680, 129 Am. St. Rep. 703; Adam v. N. E. Inv. Co., 33 R. I. 193, 80 A. 426; Shafer v. Spruks, 225 F. 480, 140 C. C. A. 504; Pace & Co. v. Alexandria E. Ry., 138 La. 879, 70 So. 867; Long v. Ga. Pac., 91 Ala. 519, 8 So. 706, 24 Am. St. Rep. 931; 4 Fletcher, Cyc. Corp. § 2177.

SAYRE, J. [1, 2] This case has been here twice before. 203 Ala. 692, 85 So. 1; 209 Ala. 96, 95 So. 479. On both prior appeals this court sustained demurrers to appellants' bill. Briefly to repeat what has already been shown, the Jefferson County Bank, the new bank, at the end of appropriate proceedings in the chancery court, became the purchaser and assignee of the assets of the old bank, the Jefferson County Savings Bank. The new bank now is, or at the filing of this bill was, in the hands of the superintendent of banks, and in process of liquidation. The new bank acquired the assets of the old from the superintendent of banks by virtue of an agreement, approved by the court, in which the new bank, organized for the purpose, took over the assets and assumed the obligations of the old bank. The superintendent was a statutory assignee of the assets of the old bank, a receiver with such

powers and duties as are usually incident to receiverships, and hence took only such property rights as the old bank had. Montgomery v. Chemical Nat. Bank, 209 Ala. 585, 96 So. 898. He had no greater rights than those possessed by the old bank and could convey no greater rights. Complainants are stockholders of the new bank and complain in the right of the new bank. The right of the new bank rests upon the assignment to it of the assets of the old bank. Complainants are in no sense creditors of the old bank. They complain in the right of the new as assignee of the old. But it is not perceived how the old bank, proceeding necessarily for the benefit of its stockholders, could be heard to complain of transactions, declarations of dividends, of which all its stockholders took the benefit; and this, in substance, is what we intended to say in our opinion on the last previous appeal though, it may be conceded, there was some lack of clarity in our method of expression. It follows, to summarize our previous holdings and our present judgment of the case, that the alleged liability of the defendants was not an asset of the old corporation collectible at its suit or at the suit of its stockholders. In this situation the further charge of fraudulent purpose in the declaration of dividends has added nothing of interest or benefit to the substance of the bill so far as concerns the right of the new bank or of complainants who are undertaking to proceed in its right and stead, for such declarations of dividends could have injuriously affected creditors only. The Circuit Court of Appeals for the Fifth Circuit so held in a similar case. Houghton v. Enslen (C. C. A.) 261 F. 113.

The court has taken cognizance of Buck v. Gimon, 201 Ala. 619, 79 So. 51, and concludes that the difference in the facts there shown suffices to distinguish that case from this.

The decree sustaining the demurrer to the bill as last amended was free from error and must be affirmed.

Affirmed.

All the Justices concur, except THOMAS, J., who dissents.