(114 So. 796)

## WILLIAMS et al. v. RIDDLESPERGER.
### (6 Div. 929.)

Supreme Court of Alabama.   Dec. 15, 1927.

**1. Corporations ⚙️═>317(4)—Directors who fail to inform existing stockholders of bad financial condition of corporation before taking additional stock subscriptions are guilty of actionable fraud.**

Failure of directors to inform existing stockholders of company's insolvency or bad financial condition before inviting or receiving their subscriptions for additional stock constitutes actionable fraud because of relationship of trust and confidence between directors and stockholders.

**2. Corporations ⚙️═>307—No fiduciary relation exists between director and prospective stockholder.**

There is no relation of trust and confidence between directors of corporation and persons outside corporation who may be prospective stockholders.

**3. Corporations ⚙️═>317(4)—Silence of director does not alone render him liable for fraud of corporate agents selling stock to persons outside corporation.**

Mere silence of director will not of itself render him liable to persons outside corpora-

tion for fraud or deceit of officers or agents in sale of stock.

**4. Corporations ⚙️═>317(4)—Director's liability cannot generally be predicated on acquiescence in codirector's fraud, in absence of notice of fraudulent conduct.**

Liability of director cannot, as general rule, be predicated on acquiescence in, or ratification of, fraud of a codirector, unless it appears that former had knowledge or notice of such fraudulent conduct.

**5. Corporations ⚙️═>317(4)—Under joint plan for sale of stock to raise funds for payments of corporate debts, and relieve directors' own liability as indorsers, directors are liable for codirector's fraud in sale of stock.**

Where directors of corporation, personally liable for large sums of money as indorsers of company's paper, and thus having personal interest in acquisition of new corporate funds to relieve their own indebtedness, agree to raise funds by sale of stock, they are liable for fraud of codirector in making sale, in execution of their joint design, notwithstanding their personal ignorance of other's tortious conduct.

**6. Corporations ⚙️═>320(11½)—Liability of one of directors jointly planning sale of stock for their personal benefit, for alleged fraud of codirector's selling stock, held for jury.**

In action against directors of corporation for damages for fraud in sale of stock on ground that company was falsely represented by directors to be financially sound, issue of liability of director personally ignorant of misrepresentations, who nevertheless entered with other directors into stock-selling enterprise for purpose of personal benefit, *held* for jury.

**7. Limitation of actions ⚙️═>100(12)—Casual opinion of attorney that stock was worthless did not amount to knowledge or notice of falsity of directors' representations on sale thereof.**

Mere opinion of attorney, to whom stockholder casually mentioned her purchase of stock, that it was worthless, without statement of facts or reasons therefor, did not amount to knowledge or notice of falsity of directors' representations as to corporation's financial condition such as to affirmatively establish defendant's plea of limitation.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by Vannah Riddlesperger against V. H. Williams, R. M. Ellis, and A. S. Preston. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Statement by SOMERVILLE, J.:

The plaintiff (appellee) sued the defendants Wiliams, Ellis, and Preston for damages for deceit and fraud in the sale to her of 50 shares of the corporate stock of the Walker Buick Company, a local corporation, of which the defendants were then officers and directors, and the only stockholders.

Counts 3, as amended, and C, E, F, and G

---

were submitted to the jury. Counts C and G are as follows:

"Count C. The plaintiff claims of the defendants the sum of $2,500 damages, together with the interest thereon, for a fraud committed by the defendants on the plaintiff, in the manner following: On to wit, January 8, 1923, the defendants were officers and directors of the Walker Buick Company, a corporation organized under the laws of the state of Alabama, and were the controlling officers and directors of said corporation, and were the owners of all of the capital stock of said corporation, except a small amount thereof owned by the wives of the defendants V. H. Williams and A. S. Preston; that the defendant, desiring to obtain additional capital or funds for the operation of said business, and knowing that said corporation was fast becoming insolvent, or was insolvent at the time, falsely and fraudulently represented to the plaintiff that the said Walker Buick Company was in every respect solvent, and that it owned assets greatly in excess of its liabilities; that it was making large dividends on its capital stock, and guaranteed to the plaintiff that, if she would invest her money in such capital stock, she would be paid monthly dividends of not less than 12 per cent. per annum; and the plaintiff alleges that such representations were false and fraudulent, and made for the purpose of obtaining money from the plaintiff in order to protect the stock of the defendants in said corporation; and the plaintiff alleges that, by means of such false and fraudulent representations, the plaintiff was induced, on said date, to invest the sum of $1,250, and on January 15, 1923, $1,250 in such stock; the plaintiff alleges that she relied upon the said representations of the defendants in the purchase of said stock, and she further alleges that said stock at said time was worthless, and that, on account of the wrongs committed by the defendants as hereinabove alleged, she has lost the amount of money paid by her for said stock, viz. $2,500, which she now claims of the defendants, together with the interest thereon."

"Count G. The plaintiff claims of the defendants $2,500 with the interest thereon, damages for a fraud committed by the defendants on the plaintiff in the manner following: On, to wit, January 8, 1923, the defendants were the officers and directors of the Walker Buick Company, a corporation organized under the laws of the state of Alabama, and were the controlling officers and directors of said corporation, and owned or controlled all of the capital stock of said corporation; that the defendants, desiring to obtain additional capital or funds for the operation of said business, and knowing that said corporation was fast becoming insolvent, or was insolvent at the time, which fact was unknown to plaintiff, with intent to defraud the plaintiff, issued stock in said corporation to the plaintiff, and received from the plaintiff $2,500 therefor, in installments of $1,-250, January 8, 1923, and $1,250 on January 15, 1923, and fraudulently withheld from the plaintiff information that said corporation was fast becoming insolvent or was insolvent, they well knowing that the plaintiff would lose her said money paid for such stock; and, on account of the failure of these defendants to inform the plaintiff as to the financial condition of said corporation, she purchased said stock, which was worthless, and she has lost the money paid therefor."

To a plea of the statute of limitations of one year (Code 1923, § 8949) plaintiff replied "that this suit was brought within one year from the time the plaintiff discovered the fraud and wrongs complained of in her complaint."

The demurrer to this replication was overruled. It contained ground 3:

"It is not alleged that plaintiff was diligent in the discovery of the alleged fraud,"

—and ground 5:

"It is not alleged that plaintiff was not in possession of facts, or that plaintiff did not have notice of facts * * * which, if followed up in a prudent manner, would have led to the discovery of said alleged fraud or concealment."

The trial judge refused to give the general affirmative charge, as requested by each of the defendants separately, as to each count of the complaint. The jury found for plaintiff against all of the defendants for $3,047.05, with judgment accordingly, and the defendants appeal.

Curtis, Pennington & Pou, Chas. R. Wiggins, and R. A. Cooner, all of Jasper, for appellants.

Counts 3, as amended, F and G, were subject to demurrer. Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286. Demurrer to the replication to defendants' plea of the statute of limitations should have been sustained. Williams v. Bedenbaugh, supra. Defendants' rejoinder to plaintiff's replication to the plea of limitation was proven without adverse inference, and defendants were thus entitled to the affirmative charge. Central of Ga. v. Gross, 192 Ala. 354, 68 So. 291. The mere fact that Ellis and Preston were stockholders or officers did not make them agents. The affirmative charge as to them should have been given. Williams v. Bedenbaugh, supra.

L. D. Gray, of Jasper, for appellee.

A count alleging misrepresentations by stockholder and officer, inducing purchase of stock resulting in loss, presents a case of actionable fraud. Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286. Knowledge by stockholders and officers of corporations as to falsity of representations is not essential to liability. Code 1923, § 8049. Materiality of misrepresentations need not be specially averred. Williams v. Bedenbaugh, supra. When officers of a corporation are all engaged in a joint enterprise or undertaking to sell stock and direct one officer to do the thing that of itself would be a fraud, all are bound by his acts. 14 C. J. 267. One who joins in the consummation of a transaction, known to have been negotiated by fraud becomes a party to the fraud. Williams v. Bedenbaugh, supra.

SOMERVILLE, J. In the companion case of Williams et al v. Bedenbaugh, 215 Ala. 200, 110 So. 286, which arose at the same time out of the identical transactions by and between these parties, and was tried on the same pleadings, all the questions of pleading here presented were definitely considered and determined.

Counts identical with count 3, as amended, and counts F and G, herein, were there held as defective and subject to the demurrers interposed. See headnotes 8–12, and 16–18. Counts C and E herein were there held sufficient; and the replication to the plea of the statute of limitations was held defective, and subject to the demurrer.

We are content to reaffirm each of those rulings now, with the result that the judgment must be reversed and the cause remanded for another trial.

With respect to the liability of the defendants Williams and Ellis, the evidence clearly presented a case for the jury; and the general affirmative charges requested were properly refused.

The chief question for consideration on this appeal is whether or not, under all the evidence, the defendant Preston can be held liable for the misrepresentations and concealments charged by the plaintiff directly against Preston's associate stockholders and directors, Williams and Ellis.

There is nothing to show that Preston ever personally made any statements to plaintiff, or had any conversation with her, with respect to the business and financial condition of the Walker Buick Company, or had any personal connection with the sale to plaintiff of the corporation stock purchased by her. It does appear that, as director and treasurer of the company, he was actively cognizant of its affairs, and was well informed as to its financial condition and business prospects when its president, Williams, sold the stock to plaintiff in 1923, and for some time previous. For the fiscal years ending with June, 1922, and June, 1923, no profits had been earned; and surplus assets of $15,000 over corporate indebtedness, reported as of June, 1922, were converted into a deficit of $13,000 by June, 1923.

After Williams and Ellis had made the misrepresentations to plaintiff, as alleged, a meeting of the three directors was held, and Williams reported to them that a sale of the stock could be made to plaintiff. Williams' testimony is:

"We had a meeting (January 5, 1923), and agreed in this meeting that we would sell as much as $10,000 worth of stock, and then Mrs. Riddlesperger's specific proposition came up and was acted on favorably at this meeting."

He further stated that the three directors, —these defendants—then agreed to issue to her the stock, and that 25 shares were issued to her on January 8, 1923, and 25 additional shares were issued on January 15, 1923.

"Corporate directors are not individually liable to purchasers of corporate stock who were induced to become purchasers by reason of a false prospectus, where such prospectus was prepared and issued, without their knowledge or consent, by another director. Neither are they liable for the representations of an agent of the corporation, acting as such and not on behalf of the directors." 14A Corpus Juris, 185, § 1962. And the general rule is said to be:

"A director or officer is not, merely by virtue of his position, liable in all cases for the torts of other directors, officers, or agents; he is liable when, and only when, he participated in the tortious act, authorized or directed it, or acquiesced in it when he either knew, or by the exercise of reasonable care should have known of, it, and should have objected and taken steps to prevent it."

[1-4] With respect to existing stockholders, a failure by directors to inform them of their company's insolvency, or bad financial condition, before inviting or receiving their subscriptions for additional stock, would undoubtedly amount to actionable fraud, because the relationship is one of trust and confidence. King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897; Wolfe v. Underwood, 96 Ala. 329, 331, 11 So. 344. But as to outside persons there is no such relationship, and the mere silence of a director will not render him liable as for fraud or deceit in a sale of stock. Nor can the liability of a director be predicated upon acquiescence in, or ratification of, the fraud of a codirector, unless it appears that he had knowledge or notice of such fraudulent conduct.

[5, 6] Conceding, without deciding, that Preston was not, under the conditions stated, chargeable with notice of the fact that his associate officers and directors, Williams and Ellis, must have misrepresented the state of the business and the value of the stock in order to sell the stock to Mrs. Riddlesperger as a good investment, and therefore that they had in fact so misrepresented them, we think there is another basis for Preston's liability, which is well supported by the evidence. It appears that all of these defendants were liable to local banks, as indorsers of their company's paper, for large sums of money. Each and all of them had a powerful personal interest in the acquisition of new corporate funds for the payment of corporate debts to relieve their own obligations as indorsers and guarantors for the company. They jointly agreed upon the sale of corporate stock as a means of raising such funds, and the undertaking to do so was a joint enterprise for their personal benefit, the execution of which was intrusted to Williams. In such a case, both upon reason and authority, Williams' two associates must be held liable for his

fraud in the accomplishment of their joint design, notwithstanding their personal ignorance of his tortious conduct in the premises. Hambleton v. Rhind, 84 Md. 456, 36 A. 597, 40 L. R. A. 216; Lane v. Fenn, 65 Misc. Rep. 336, 120 N. Y. S. 237; 33 Corp. Jur. 873, § 102. Our conclusion is that the affirmative charge was properly refused also to the defendant Preston.

[7] There is no merit in defendants' contention that their rejoinder to plaintiff's replication to the plea of limitation was conclusively established by the evidence. The mere opinion of an attorney to whom plaintiff casually mentioned her first purchase of stock that it was worthless, without any statement by him of facts or reasons therefor, did not amount to knowledge or notice of the falsity of the representations made to plaintiff by the defendants. Certainly, they cannot with propriety contend that plaintiff was bound, as a matter of law, to accept the attorney's unfavorable opinion, and to discredit the specific statements of fact made to her by these defendants, whom she knew to be well-informed, and upon whose business character and judgment she strongly relied. Moreover, according to plaintiff's testimony, half of the stock had already been purchased before the opinion was given to her.

For the errors noted above, the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

All the Justices concur.