(123 So. 71)

**BLYTHE et al. v. ENSLEN et al.**
(6 Div. 746.)

Supreme Court of Alabama. May 30, 1929.

Rehearing Denied June 27, 1929.

See, also, 203 Ala. 692, 85 So. 1; 209 Ala. 96, 95 So. 479; 212 Ala. 463, 102 So. 621.

Jerone Edmundson and John W. Altman, both of Birmingham, and Wert & Hutson, of Decatur, for appellants.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellees.

THOMAS, J. This is the fourth appeal. Sylvester Blythe et al. v. Enslen et al., 203 Ala. 692, 85 So. 1; Id., 209 Ala. 96, 95 So. 479; Id., 212 Ala. 463, 102 So. 621. The effect of the former rulings is stated in the last decision. Since the opinion in 209 Ala. 96, 95 So. 479, the complainants amended their bill, alleging fraud of the directors. And on the third appeal, 212 Ala. 463, 102 So. 621, it was held (October 16, 1924) that complainants' action to recover money wrongfully paid to respondents in the form or guise of dividends could not be maintained, because all the stockholders of the old bank took the benefit, and wrongful declarations of dividends only injuriously affected the creditors. 212 Ala. 464, 102 So. 621. And in response to that decision complainants amended in such wise as to claim subrogation of the new bank to the rights of the creditors of the old bank.

The complainants, in October, 1924, materially amended their bill, charging fraud and averring the ownership of complainants' stock. They were not required to aver when and from whom they purchased the stock in defendant company (Montgomery Light Co. v. Lahey, 121 Ala. 131, 25 So. 1006); alleged fraud and payment of creditors out of the corpus from stockholders.

It is now insisted that the right of the new bank is twofold, in that it rested upon (1) the assignment to it of the claims and assets of the old bank, and (2) the subrogation of the rights of the creditors of the old bank; in that the new bank assumed the payment of the creditors and has paid them out of assets that it received from the stockholders of the new bank; that is to say, the latter bank acquired the assets of the old from the superintendent of banks by virtue of an agreement with that official and approved by the court, in and by which and pursuant to the purpose of its organization the new bank took over all the assets and assumed the obligations of the old bank, and duly discharged such obligations from its current or available funds.

The former pleading, and several rulings thereon, are thus summarized by Mr. Justice Sayre (212 Ala. 463, 464, 102 So. 621):

"It follows, to summarize our previous holdings and our present judgment of the case, that the alleged liability of the defendants was not an asset of the old corporation collectible at its suit or at the suit of its stockholders. In this situation the further charge of fraudulent purpose in the declaration of dividends has added nothing of interest or benefit to the substance of the bill so far as concerns the right of the new bank or of complainants who are undertaking to proceed in its right and stead, for such declarations of dividends could have injuriously affected creditors only. The Circuit Court of Appeals for the Fifth Circuit so held in a similar case. Houghton v. Enslen (C. C. A.) 261 F. 113.

"The court has taken cognizance of Buck v. Gimon, 201 Ala. 619, 79 So. 51, and concludes that the difference in the facts there shown suffices to distinguish that case from this."

In Buck v. Gimon, 201 Ala. 619, 71 So. 51, the pertinent holding was that, where a national bank made a lawful assignment to an-

other national bank, which was to liquidate its affairs, any right of action of the assigning bank, or its stockholders, against directors for negligence, was vested in such assignee bank, and the violation of that assignee's obligation to enforce such claim would not reinvest in the assignor bank or its stockholders the right of action against such directors; that such right of action thus given would exist as against the assignee bank so violating its obligation under the terms and relations created by the assignment.

■ If, or whenever, a demurrer sets forth facts which do not appear on the face of the bill, and which, if true, show that complainant's cause of action is barred, or that the bill should be dismissed, introducing new or foreign matter, it is termed in the decisions a "speaking demurrer." It merely presents a defense available (only) by way of a plea or answer. Martin v. Baines, 217 Ala. 326, 116 So. 341; Alabama Power Co. v. Hamilton, 201 Ala. 62, 67, 77 So. 356; Blount County Bank v. Harvey, 215 Ala. 566, 112 So. 139; Oden v. King, 216 Ala. 504, 509, 113 So. 609, 54 A. L. R. 1413; Bromberg Bros. v. Heyer Bros.; 69 Ala. 22; Sims, Ch. Pr. § 444.

■ Complainants insist in this connection that certain of the stockholders of the old bank received dividends, did not know the true facts under which the same were declared, and, if any one of that group of shareholders received the dividends in ignorance of the true facts, he would not be concluded by the fact of receipt of dividends, not knowing that it was declared and paid out of the capital, and not from the surplus profits. Gaffney v. Colvill, 6 Hill (N. Y.) 567, 576; King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897. •

This result follows from the assumption that stockholders have a right (in the absence of contrary knowledge or notice) to rely upon the fidelity of the trustee or directors of the trust. Such stockholders are not bound to know, or, without knowledge of facts putting upon them the duty of inquiry, to exercise reasonable diligence to discover facts which it was the duty of directors to disclose in the discharge of such duty, or by reason of the position of the director of the trust. Farwell v. Pyle-Nat. Electric Headlight Co., 289 Ill. 157, 124 N. E. 449, 453, 10 A. L. R. 363; King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897; Farwell v. Great Western Tel. Co., 161 Ill. 522, 44 N. E. 891; Voorhees v. Campbell, 275 Ill. 293, 114 N. E. 147; Williams v. Riddlesperger, 217 Ala. 62, 64, 114 So. 796; 10 Cyc. 834.

When the dividends were declared by the directors without knowledge of facts to the contrary, the stockholders had the right to presume they were legally declared and warranted by the acting directors to be made out of the surplus, and not from the capital. Gen. Acts 1911, p. 85, § 42. If not so declared, it unlawfully and unwarrantably im-poverishes the holdings of the stockholders, who become such parties in interest, or may be interested, at different times and at different market values.

■ The definition of stock in a corporation is that it is evidence of the right of the holder or owner in the proceeds of the corporation's property, and stands for the aliquot part of the corporation's property or the right to share in its proceeds "when distributed according to law." Hall & Farley v. Alabama Terminal & Imp. Co., 173 Ala. 398, 414, 56 So. 235, 241; Randle v. Winona Coal Co., 206 Ala. 254, 257, 89 So. 790, 19 A. L. R. 118; section 234, Constitution. Acts 1911, p. 85, provided:

"Any director of an incorporated bank who concurs in any vote or act of the directors of such bank by which it is intended (1) to make a dividend except from the surplus profits arising from the business of the bank or to make a loan with the stock of the lending bank as security therefor; or (2) to divide, withdraw, or in any manner pay to the stockholders or any of them any part of the capital stock of the bank, or to purchase or reduce such capital stock except in pursuance of law; or (3) to discount or receive any note or other evidence of debt in payment of any installment of capital stock actually called in and required to be paid, or with intention to provide the means of making such payment, or (4) to receive or discount any note or other evidence of debt, with the intent to enable any stockholder to withdraw any part of the money paid in by him on his stock; or (5) to apply any portion of the funds of such corporation except as allowed by law, directly or indirectly to the purchase of shares of its own stock, is guilty of a misdemeanor," etc.

See Riles v. Coston-Riles Lumber Co., 208 Ala. 508, 95 So. 43; Randle v. Walker, 17 Ala. App. 211, 84 So. 551.

■ Thus by this phase of the demurrers is presented a question of law and fact as to the positions of the stockholders as to dividends, which should be heard by way of defense, and not by a speaking demurrer; that is, complainants insist that the bill does not show that all stockholders of the old bank were benefited alike, or bound by the acceptance of the dividends declared and received. Grounds of demurrer (No. 23, p. 127-A, Transcript) to this end should have been overruled as a speaking demurrer; and the facts of defense—that distribution of dividends was and affected all stockholders alike—as to right of maintenance of this action should be duly presented by answer or plea, as prescribed by rule and procedure designated for a court of equity.

■ A defense in bar must be made by plea or answer, unless the facts which constitute the bar appear on the face of the bill or the complaint. Sanders v. Wallace, 114 Ala. 259, 21 So. 947. This ground should have been

overruled by the court, since the facts of the bill do not show that each and every stockholder of said bank (1) received each and every dividend of which complaint is made, as being unwarranted by the facts when declared and paid as to such stockholder; (2) that the benefits derived by the payment of those dividends were as to each stockholder proportionately the same as declared, paid, and accepted. Complainants by amended bill waive all claims as to dividends that are barred by the statute of six years. Page 69 of Record. Thus the questions of fact, whether or not certain stockholders, because of false reports given him, or them, by the bank or those charged with a due execution of the trust, or the payment of dividends, knew or were charged with the knowledge that in the declaration, acceptance, and collection of dividends the capital stock was being impaired to such extent, or that the benefits derived by payment of dividends were in like proportion to each stockholder's interest in the corporation, are matters of defense, since the same are not shown by the averments of the bill.

In Gaffney v. Colvill, 6 Hill (N. Y.) 567, is the pertinent analysis of the effect of illegal dividends as affecting different classes of stockholders, as follows:

"The first count is for making illegal dividends to the stockholders. It is said that the plaintiff must have received his dividend and, therefore, that he cannot sue; that he is estopped to complain of the illegal act to which he was a party. There are two answers, at the least, to the objection. It does not clearly appear that the plaintiff received the dividend. It may well be that other stockholders were paid, while the plaintiff received nothing. At the most, payment to the plaintiff can only be made out by argument and inference and, in pleading, the fact on which an estoppel depends must be directly and expressly alleged. Again; if the plaintiff received the money he would not be concluded by that fact, unless he knew that the dividend was made from capital, and not from surplus profits. When a dividend was declared by the directors, the plaintiff had a right to presume that it was legally made. A man cannot be cheated into an admission which will conclude him as an estoppel in pais."

Appellant says, in "answer to the contention of the respondents that the respondents are not liable for the payment of the dividends complained of to any greater extent than each and every other stockholder of the bank," that it is "a speaking demurrer and it raises a question which is immaterial to the issues in this case" in "a suit against these respondents, who were directors of the old bank, based upon the fraudulent declaration of dividends and their breach of trust and mismanagement of the bank." The instant case is different from a creditor's bill, where "property of a corporation is deemed a trust fund for the payment of the debts of the corporation, so that the creditors have a lien upon or right of priority of payment out of it, in preference to any of the stockholders of the corporation." That is the principle upon which the claim of the creditors would be based. Adams v. Perryman & Co., 208 Ala. 469, 80 So. 853. In the case now before the court, it was "held on a former appeal (Blythe v. Enslen et al., 209 Ala. 96, 95 So. 479) that the complainants should have alleged fraud in the declaration of the dividends by these respondents." This the complainants have since done. And in the case of Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228, it was held, in an action by the bank against the administrator of the estate of a deceased officer of the bank, that for the torts of the intestate which inured to the benefit of the estate of the intestate, the bill contained equity. In the instant case, the complainants allege that, as a result of fraud, mismanagement, and breach of trust of the respondents, their estates were unjustly enriched, and the bill seeks to recover those amounts which inured to the benefit of the estates of the respondents. Such are the principles upon which the bill now before the court is based.

The case should be tried on the facts under the bill as last amended, alleging fraud in the declaration of the dividends, by these respondents, payment of creditors from corpus, and subrogation to rights of creditors so paid. So, also, the question of fact of estoppel vel non of the old bank, and others through it, should be passed upon on the coming in of the answer; that is to say, the right of action for recovery of illegal and wrongful dividends paid on stock, if such there was, issued contrary to law—on watered stock—was a corporate right of the old bank and assigned to the new bank. Buck v. Gimon, 201 Ala. 619, 79 So. 51; Houghton v. Enslen (C. C. A.) 261 F. 113. The bill is not for the price of any watered stock, but dividends illegally and wrongfully declared, and not for equal and proportionable benefit to all the stockholders.

In McDavid v. Bank of Bay Minette, 193 Ala. 341, 360, 69 So. 452, it was declared unnecessary to determine whether, under all circumstances and in every instance, liquidation must be by the banking board, and that all other methods of liquidation were repealed. The complainant appellant admits the prior or paramount rights of the superintendent of banks to those of stockholder or creditor, yet insists that, where the superintendent of banks does not act, the stockholder and creditor are not without adequate remedy to protect their common property in the matter. When the stockholder called upon the superintendent of banks to proceed for recovery of the amounts in question, and he refused to do so, but sanctioned the agreement to transfer all rights of the old bank to the new bank, the stockholder and creditor

were not alone remitted to a suit upon the official bond of the superintendent of banks. Such party in interest may resort to a court of equity in a case, as made by the instant bill, for protection and recovery of the trust property, upon making other parties in interest defendants, and giving those similarly situated the right of intervention or participation to the extent of his proportionate interest.

The stockholder of a defunct bank cannot mandamus the superintendent to institute proceedings, since it involves the exercise of discretion or judgment. Taylor v. Kolb, 100 Ala. 603, 13 So. 779. If the stockholder or creditor is permitted to protect the property by institution of suit for the benefit of all creditors and stockholders, the costs incident thereto, if unsuccessful, are those of the individual complainant, and, if successful, such complainant is entitled to attorney's fees in thus conserving the trust properties, or in the redress of corporate wrong. Decatur Mineral Land Co. v. Palm, 113 Ala. 531, 21 So. 315, 59 Am. St. Rep. 140. If the superintendent of banks were held to be given the exclusive right by statute to litigate and collect claims without providing an adequate remedy to creditor or stockholder, upon refusal of said official, the latter would be deprived of due process. In Montgomery Bank & Trust Co. v. A. E. Walker, Supt. of Banks, 181 Ala. 368, 61 So. 951, is the pertinent observation that essential elements of due process of law are notice and opportunity to defend, etc., and the courts are governed, not by mere forms, but by the substance of things; that "we do not understand the act [Gen. Acts 1911, p. 50 et seq.] as making this proceeding *operate as a change in the ownership or legal title to the property*, but the superintendent is in reality a receiver who takes charge of the bank *for the benefit of the stockholders, depositors and other creditors*. We * * * think that the superintendent has the authority, under the terms of the act, to maintain this bill or to bring suit for the recovery of the assets of the bank." (Italics supplied.) That is, the laws of a receiver are applicable, when not in conflict with any provision of the statute creating the banking department. Montgomery v. Chemical Nat. Bank, 209 Ala. 585, 96 So. 898; Blythe v. Enslen, 212 Ala. 463, 102 So. 621. There is nothing in the act in question that forbids the application of the laws of a receiver in respects indicated, by way of analogy to the instant case; and in such trust matters stockholders and creditors of defunct corporations may maintain bills after due and proper demand upon the trustee or superintendent of banks, and refusal by such representative or official to institute suit to protect the trust property. Such suits by trustee, stockholder, or creditor are for the corporate benefit and community interest.

The superintendent of banks is not, by reason of his office and receivership, an official of the court to which application for consent is to be made, and no application can be made to the court to compel the superintendent to act or maintain a suit of this nature. Jackson v. Chemical Nat. Bank, 215 Ala. 538, 541, 112 So. 105. The amended bill alleges that prior to the institution of this suit the complainant sought and demanded that the then superintendent of banks institute the suit for the preservation of trust properties and the collection of the amounts due from the respondents by transfer and sale of said rights of action by the old to the new bank, and that said official refused to accede to that request. The right of action passed to assignee, new bank, and, on the failure of the superintendent of banks to institute suit for the collection of said trust funds or claims, a stockholder or creditor may do this at his own expense as a cestui que trust, or one who is interested with others in such trust funds or claims.

We may observe, in passing, the suit was filed within six years from the fraud complained of (Mayor of Huntsville v. Ewing, 116 Ala. 576, 22 So. 984), and the bill alleged that the delay shown to have occurred was caused by the false reports issued by defendants in authority, and by their fraudulent concealment. Mere delays do not constitute laches, when suit is duly and timely brought. The burden of showing the existence of circumstances, changed conditions, prejudice, or injustices amounting to laches, rests upon him who duly invokes the same, when not shown on the face of the bill from the facts averred. Woodlawn Realty & Development Co. v. Hawkins, 186 Ala. 234, 65 So. 183.

Respondents are estopped by their pleading and material averments, theretofore pending in the United States court between said parties defendant, to deny that the cause of action in the premises did not pass by the sale, transfer, and assignment of the old bank, by the superintendent of banks, to the new; and the agreement of counsel is that each defendant has benefited by that pleading and contention in said court. Phillips v. Sipsey Coal Co., 218 Ala. 296, 118 So. 530. See case of Houghton v. Enslen (C. C. A.) 261 F. 113.

The court erred in sustaining demurrers as to the other respondents, than the Jefferson County Savings Bank and the superintendent of banks, and in dismissing the bill of complainants as last amended.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.