(129 So. 92)

**GREEN, Superintendent of Banks, v. SMITH et al.**

6 Div. 616.

Supreme Court of Alabama.

May 22, 1930.

Rehearing Denied June 26, 1930.

See also ante, p. 415, 129 So. 69, ante, p. 298, 129 So. 72, post, p. 514, 129 So. 465.

H. L. Anderton, of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellees.

THOMAS, J.

The Bank of Ensley on January 10, 1930, voluntarily surrendered its assets and business to the superintendent of banks, as provided by law chapter 263, § 6275 et seq., Code.. And on February 8th, thereafter, this cause was filed and sought the appointment of a receiver other than the superintendent of banks, praying for discovery, etc. The verification of the bill was by attorneys upon information and brief and which did not disclose why appellees did not verify the bill.

The complainant's bond of $500 was "for payment well and truly to be made * * * unto S. C. King and/or the respondents herein their heirs, successors and assigns," on the condition that "if such Receiver shall be, appointed and if the said complainants shall indemnify the said S. C. King for such damages as he shall sustain, by the appointment of said Receiver in the event such Receiver shall be removed or discharged because improvidently appointed, then the above obligation to be void, otherwise to remain in full force and virtue." The condition, it is noted, was not to indemnify any other respondent than S. C. King.

Upon the filing of said bill, without notice to appellant, an order was made by a judge of the Tenth judicial circuit appointing a receiver with full power of discovery and enjoining each of the respondents, including the superintendent of banks liquidating the Bank of Ensley, as follows:

"All parties are hereby restrained and (en)joined from interfering with the receiver named herein in and about the discharge of this (his) duties as herein devised and are admonished to give him full co-operation in the discharge of his duties to the end that this order may be given full force and effect.".

This case has been considered with other cases touching the subject-matter now decided by this court.

■ Certain principles of law are established by this court and need only to be given reference; for example, that the superintendent of banks of the state of Alabama is the statutory receiver of all properties and assets of a state bank in this state in the process of liquidation, and has the priority of right in the premises to marshal all assets and possess the properties belonging to insolvent state banks, and to liquidate the same for the benefit of depositors and creditors. Blythe v. Enslen, 219 Ala. 638, 642[8], 123 So. 71; Blount County Bank v. Harvey, 215 Ala. 566, 112 So. 139; Slaughter v. Green, 205 Ala. 250, 87 So. 358; McDavid v. Bank of Bay Minette, 193 Ala. 341, 69 So. 452.

Section 6299, Code, requires the superintendent of banks to take possession of the properties, business, etc.; section 6306 to collect, etc., and liquidate; and section 6360 is set out below.

In Blount County Bank v. Harvey, 215 Ala. 566, headnote 7, 112 So. 139, 140, it was held:

"Bill to enjoin merger of private banks, praying for appointment of receiver, held not demurrable as whole (Code 1923, § 6360).

"Bill to enjoin merger of private banks held not demurrable as a whole because it prayed for appointment of receiver, notwithstanding that receiver for state bank can only be appointed in suit in name of state, at instance of superintendent of banks, under Code 1923, § 6360."

And the statute (section 6360, Code) is:

"No suit for the liquidation of a bank or for a receiver of a bank shall be instituted by any person except by and through the superintendent of banks, in the name of the state."

The superior authority here pertinent has been fully discussed in McDavid v. Bank of Bay Minette et al., 193 Ala. 341, 357, 359, 69 So. 452, 457, where Mr. Justice Gardner quotes with approval from the case of Murray Hill Bank, 153 N. Y. 199, 47 N. E. 298, and People v. Superior Court, 100 Cal. 105, 34 P. 492. He said:

"The case of People v. Superior Court, supra, deals somewhat at length with the reasons why the Legislature should see fit to provide that the affairs of a bank should be liquidated in a certain manner provided by law and by certain designated parties, rather than to leave such institutions subject at all times to actions of that character by creditors or stockholders. Speaking to the subject, it was there said: 'It was seen that, if the door were left open to a few creditors to bring suit and wind up the affairs of a banking corporation under the summary and expensive proceedings provided in the Insolvent Act, financial ruin might result to every banking institution in the state. By this act no injustice is done to any creditor or stockholder. The remarks of the court in Attor-

ney General v. Cont. L. Ins. Co., 53 How. Prac. (N. Y.) 22, are applicable to the case before us: "His (the creditor's) power to wind it up, in which many others besides himself are interested, is only taken away. When, however, public policy and the interests of all, as well as his, demand its death (and that is practically what is accomplished [Neall v. Hill], 16 Cal. 150, 76 Am. Dec. 508), the officers of the state alone can take its life and administer its assets. That this policy is better, wiser, and safer for all is most manifest. * * * Rights of stockholders and creditors who have no knowledge thereof should not be jeopardized by suits instituted by any stockholder under the Revised Statutes, and so brought for a fraudulent and wrecking purpose by collusion with the officers of the corporation, which rights can surely be imperiled if the remedies given by the Revised Statutes still exist. The temptation so to do was too great to make every stockholder and every creditor the depositary of so great a power for mischief, and hence, it seems to me, that the act of 1853 wisely provided a new method of extinction and administration by which the power which gave the life is alone empowered to take it." '

"It is to be noted, therefore, that the act here under consideration does not seek to deprive a creditor or stockholder of the enforcement of any private right or claim so far as it concerns himself, but that it only seeks interference when the question of forfeiting the life of the corporation is involved or in such matters of public interest, as where the bank's affairs must be liquidated and wound up."

And this statement of the law of such case has been recognized and followed in the recent cases, including Blythe v. Enslen, 219 Ala. 638, 123 So. 71.

■ This case was considered after the decisions in the petitions for mandamus in Ex parte D. F. Green, Superintendent of Banks, 129 So. 69;[1] Id., 129 So. 72[2] and when so considered, this record, and "Return to Certiorari," show that the superintendent of banks, Mr. Green, is the statutory receiver of *all assets and properties of said bank*, however held or concealed; that it is the duty of such official to possess, liquidate, and distribute the same pursuant to law, and he has the prior and exclusive right to duly proceed in that behalf and the discharge of his official duties, and to institute all necessary suits for discovery and possession, if he will do so. This record further shows that such official has not been given ample and due time to discharge his duties as superintendent of banks in the premises, or to decline to act in that behalf, after a full investigation of the affairs of the bank and an opportunity to ex-

[1] Ante, p. 415.    [2] Ante, p. 298.

ercise his official judgment and discretion in the matter. In this he has been precipitantly or improvidently interfered with or interrupted in the due discharge of his official duty as such superintendent of banks, liquidating the said Bank of Ensley, by the orders of the circuit court appointing a receiver, and by the injunctive process issuing pursuant thereto. That is to say, a careful consideration of the bill shows that all properties dealt with therein and for which a receiver was appointed, were those alleged to be the property of, or those rightfully and lawfully belonging to, the Bank of Ensley for which the superintendent of banks was by law the statutory receiver, and it was his duty to possess and duly liquidate.

This court in Blythe v. Enslen, 219 Ala. 638, 123 So. 71, held that as a statutory receiver the superintendent of banks of Alabama has the exclusive right to file all necessary suits to marshal all properties and assets belonging to insolvent state banks in process of liquidation, for the benefit of creditors and depositors of said banks, until he refuses to file such necessary suits to protect the creditors and depositors after due and proper demand has been made upon him.

As superintendent of banks, Green has not refused or failed to file any proper and necessary suit to protect the creditors and depositors of the Bank of Ensley; that from the time of the closing of the doors of the Bank of Ensley, so far as the record shows, the superintendent of banks has faithfully performed all his duties required by the statutes relative to liquidation of said bank.

There is no direct charge in the bill that the superintendent of banks failed or refused to do his official duty; nor is there any pleading or evidence before this court that he failed or refused to do his official duty. And until such a charge is made and proved there can be no basis for the appointment of a receiver other than the superintendent of banks himself. The bill filed by counsel for appellees merely averred that counsel for complainants "requested the said D. F. Green as Superintendent of Banks to file this bill, or a bill of similar character; that he declined and up to this date has failed to do so." This is not as the pleading, etc., in Blythe v. Enslen, supra.

The implication of pleading of appellees (complainants) that when they "requested" the superintendent of banks to file a bill like and when they said and he declined and failed to do so, and that he was prima facie guilty of gross negligence of official duty, is not warranted and sufficient for a court of equity to take charge and oust the superintendent of banks of his statutory jurisdiction and prevent him from filing such bill as the facts may warrant under a due exercise of his judgment and discretion.

The bill in this case does not aver sufficient facts, if true, to charge the superintendent of banks with such neglect, failure, or refusal to do his official duty as to make out a case against him, or to justify the appointment of a receiver by the circuit court to discover, collect, and take over the properties alleged in the bill to belong to the banking corporation. It is not the duty of the superintendent of banks to file a bill asking for the appointment of a receiver for property belonging to a defunct bank, as prayed in appellees' bill; and it is not the duty of the superintendent of banks to file a bill of "similar character" to the bill filed in this cause. The character of said bill is that of an application in equity in the name of several individual creditors of the Bank of Ensley filed against S. C. King et al., including the superintendent of banks as such, charging said superintendent of banks with dereliction of his official duties in order to give said individual creditors a right to sue for bank property in their own name, and praying the appointment of a receiver other than the superintendent of banks to discover and take over assets and properties belonging to a defunct bank in process of liquidation, though the superintendent of banks may then have had in view a plan otherwise to accomplish the ultimate result.

The averments of the bill show that if the superintendent of banks declined to obey the requests of counsel for complainants (but there is no evidence to that effect in the record), he had a right so to do. They were in effect requesting him as such official to file a bill in the name of a few creditors, praying for the appointment of a receiver, or to discover and take over assets and properties belonging to the bank, and it may be in derogation of his own statutory duties and rights. It is not alleged that he declined without good cause, and after ample opportunity to discharge his official duty to file a proper bill for discovery, or that his act in doing so was wrongful, and *without a due regard to a proper liquidation of the affairs of the bank.*

The averments in complainants' bill fall short of making out a case against appellant as superintendent of banks; and short of bringing this case within the purview of the case of Blythe v. Enslen, supra.

There is no averment in the instant case to the effect that a due, timely, and proper demand was made upon the superintendent of banks by creditors or depositors of the defunct bank to file a necessary and proper bill to protect their interest as such creditors and depositors, and those similarly situated; and there is no averment that the superintendent of banks refused to institute any proper and necessary suit to protect the property and assets of the defunct bank. In the case of

488

Blythe v. Enslen, 219 Ala. 638, 123 So. 71, the bill charged: "That prior to the institution of this suit the complainants sought and demanded that the superintendent of Banks institute suit for the preservation of trust properties, etc., and that the Superintendent of Banks refused to file such suit." The facts in the case of Blythe v. Enslen, supra, were that the superintendent of banks waited six years before taking action, and then not only refused to file suit for the protection of the bank's property, but actually sanctioned the agreement to transfer all rights of the old bank to the new bank, contrary to the interests of the defunct bank. While in the case at hand the superintendent of banks was seeking, so far as the pleadings and return to certiorari show, to conserve the assets of the Bank of Ensley, and actually filed his proper bill of discovery on the heels of the filing of appellees' bill.

■ The averment in the bill to the effect that the superintendent of banks stated to counsel for appellees that they were at liberty to file such bill, and that he would cooperate with them in prosecution to final conclusion, did not surrender his jurisdiction in the premises and oust his duly appointed official and liquidating agents, and did not warrant the order of injunction and appointment of a receiver.

There was error in the rendition of said decree, and appointing Receiver Dryer in said cause. The same is reversed and rendered, and the appointment of Receiver Dryer is vacated.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.